# United States Court of Appeals for the Federal Circuit

04-3227

NANCY J. SCHUCKER,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

Michael E. Tucci, Stinson Morrison Hecker LLP, of Washington, DC, argued for petitioner.

Kathryn R. Norcross, Counsel, Federal Deposit Insurance Corporation, of Washington, DC, argued for respondent. With her on the brief was Colleen J. Boles, Senior Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3227

NANCY J. SCHUCKER,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

_____

DECIDED: March 16, 2005

_____

Before MAYER[*], CLEVENGER, and LINN, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

Nancy Schucker appeals the Merit Systems Protection Board's ("Board") final order denying Schucker's appeal of the Federal Deposit Insurance Corporation's ("Agency") decision denying Schucker a right to retreat to the position of Counsel in the Special Issues Unit ("Special Issues Counsel") and separating Schucker by reduction in force ("RIF"). <u>Schucker v. Fed. Deposit Ins. Corp.</u>, No. DC-0351-02-0587-I-1 (MSPB Feb. 17, 2004) ("<u>Final Decision</u>"); <u>Schucker v. Fed. Deposit Ins. Corp.</u>, No. DC-0351-02-0587-I-1 (MSPB Nov. 27, 2002) ("<u>Initial Decision</u>"). Because the Board acted arbitrarily by refusing to consider Schucker's rebuttal evidence under circumstances in which

_____

[*]  Haldane Robert Mayer vacated the position of Chief Judge on December 24, 2004.

longstanding Board policy requires its consideration and by failing to explain this inconsistent treatment, we vacate the Board's decision and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In 1988, Schucker began her career with the Agency. Between September 1991 and April 1993, Schucker served as Counsel in the Supervision and Legislation Branch, Resolutions Section, CG-0905-15 ("Resolutions Counsel"). Initial Decision at 3. In 1994, the Agency disbanded the Resolutions Section. The Agency reassigned Schucker to the position of Counsel in the Liquidations Branch, and then to Counsel in the Supervision and Legislation Branch. In 2002, the Agency reorganized the legal division and reduced its staff. Id. at 2.

Reduction-in-force regulations provide that if an employee is to lose her position via reduction in force, then that employee has a right to retreat to a position held by another employee with lower retention standing in the same tenure group and subgroup if, inter alia, the other employee holds a position that is the same as or "essentially identical" to a position held by the employee seeking to retreat. 5 C.F.R. § 351.701(c)(1) (2002). On March 4, 2002, the Agency informed Schucker that she had no retreat rights. Initial Decision at 2. On May 17, 2002, Schucker was separated by reduction in force. Id.

Upon separation by reduction in force, an employee may appeal that decision to the Board. 5 C.F.R. § 351.901. In such an appeal, the Agency has the burden to prove by a preponderance of the evidence that it followed the reduction-in-force regulations found at 5 C.F.R. part 351. Initial Decision at 2 (citing Losure v. Interstate Commerce

Comm'n, 2 M.S.P.R. 195, 201-02 (1980)). On June 17, 2002, Schucker appealed to the Board asserting that under 5 C.F.R. § 351.701(c) she had a right to retreat to the position of Special Issues Counsel because that position was "essentially identical" to her prior position as Resolutions Counsel.

In its July 19, 2002 response, the Agency explained that upon reviewing Schucker's "official position at the time of the RIF [and] her background and entire work history," it did not believe that Resolutions Counsel and Special Issues Counsel were "essentially identical" positions. (Agency Resp. at 16-17.) The Agency asserted that the "Special Issues Unit is tasked with performing legal work on issues relating to specialized areas . . . [including] perform[ing] original research and writing on these specialized issues, supervis[ing] outside counsel and report[ing] to a Senior Counsel," (id. at 16), and that the work performed as Resolutions Counsel was "functionally distinct," (id. at 17).

On September 17, 2002, the Agency filed a Prehearing Statement. The Agency again asserted that Resolutions Counsel and Special Issues Counsel were not "essentially identical" positions. (Agency Prehearing Statement at 11-13.) The Agency also suggested a list of witnesses and a general summary of expected testimony. Included on the list were Frank Aaron and Henry Griffin. Aaron was to testify about "the RIF process, and the determination of [Schucker's] assignment rights" and Griffin was to testify about "the duties of a Counsel in the Special Issues Unit, the duties of a Counsel in the former Resolutions Section, and how these positions differ." (Id. at 16.)

On October 28, 2002, Schucker waived her right to a hearing and agreed to present the case on written submissions. In an order, the Administrative Judge explained:

> On October 28, 2002, the appellant withdrew her request for a hearing. Based on the withdrawal, the hearing has been canceled. The record will remain open for receipt of evidence and argument from both parties until November 13, 2002. After that date, the record will be held open until November 20, 2002, for receipt of final argument from both parties. After November 20, 2002, the record will be closed and no further submissions accepted.

Schucker v. Fed. Deposit Ins. Corp., No. DC-0351-02-0587-I-1 (MSPB Oct. 30, 2002) ("Submission Order").

On November 13, 2002, the Agency submitted the Agency Brief Supporting Affirmance and the declarations of Aaron and Griffin, which provided, for the first time, a detailed explanation of why the positions were not "essentially identical." (Agency's Br. Supp. Affirm; Aaron Aff.; Griffin Aff.) Also on November 13, 2002, Schucker filed Appellant's Submission of Evidence and Argument in Lieu of Hearing, which included the affidavit of Gail Jensen. Schucker's submissions provided comparisons of the position descriptions.

On November 19, 2002, the Agency submitted its Final Argument In Support Of Affirmance and supplemental declarations of both Griffin and Aaron, which addressed Jensen's affidavit and Schucker's argument. The Agency included a written request that the Administrative Judge accept the supplemental declarations, claiming an inability "to anticipate or address, in its prior submissions" the Jensen evidence and related argument because neither the witness nor the argument was approved in the pre-hearing conference. (Letter from Agency to Judge Bogle of 11/19/02, at 1.) The

Agency concluded: "[t]he Agency believes that the Supplemental Declarations are needed so that the record will contain accurate evidence on all issues, and are properly submitted as rebuttal evidence." (Id.)

On November 20, 2002, via facsimile, Schucker filed Appellant's Final Argument, which addressed the Agency's Brief in Support of Affirmance and, in particular, the Agency's position-description comparison. Appellant's Final Argument began by explaining how Aaron and Griffin interpreted the descriptions erroneously and ended by citing Barbara Taft's opinion of what the positions entailed. Schucker also submitted a Supplemental Affidavit and a Declaration sworn by Taft, in which Taft critiqued the views of Griffin and Aaron and opined on the comparability of the positions. Schucker sent the Supplemental Affidavit and the Declaration as attachments by separate fax cover. Schucker followed up the facsimiles with original copies of the Supplemental Affidavit and the Declaration, which Schucker sent via certified mail on November 20, 2002, but which appear date stamped as received on November 21, 2002. In a cover letter to the original copies, Schucker wrote:

> Enclosed please find the original signed affidavits of Ms. Barbara Taft, copies of which were faxed to you and the agency's representative this date, and which are attachments to the Appellant's Final Argument also served by fax this date.
> If you have any questions concerning this matter, please do not hesitate to contact me.

(Letter from Schucker to Judge Bogle of 11/20/02.)

On November 21, 2002, by letter, the Agency objected to the entry of the Taft affidavit and declaration and asked for them to be stricken from the record because "they were submitted after the deadline for the receipt of evidence in this case and Ms.

Taft was not approved as a witness." (Letter from Agency to Judge Bogle of 11/21/02.)

Specifically, the Agency asserted:

> On October 30, 2002, you issued an Order which provided that the record would remain open for the receipt of evidence from the parties until November 13, 2002. Pursuant to 5 C.F.R. § 1201.58(b), "the record will close on the date the judge sets as the final date for the receipt or filing of submissions of the Parties," unless, as provided in 5 C.F.R. § 1201.58(c), "the party submitting [additional evidence] shows that the evidence was not readily available before the record closed." The Appellant has not demonstrated why she could not produce Ms. Taft's Declaration or Supplemental Affidavit by the November 13 deadline, and has offered no reason why this evidence should be accepted out of time. In fact, Ms. Taft states in her "Supplemental Affidavit" that the first contact she had with the Appellant was "when I was contacted to provide an affidavit to support her Final Argument in the instant appeal. . . ."
> In the alternative, if Ms. Taft's Declaration and Supplemental Affidavit are considered in this case, the Agency respectfully requests additional time to respond with supplemental affidavits to address factual inaccuracies . . . . [T]he Agency was not provided these documents in time to respond to them in its Final Argument, and could not have been expected to anticipate the need to respond to Ms. Taft's testimony in its prior submissions. Fundamental fairness requires that the Agency be provided the opportunity to respond to the factual inaccuracies and other issues raised by Ms. Taft in her Declaration. See Lamb v. Department of the Navy, 41 M.S.P.R. 79, 84 n.1 (1989) ("The appellant cannot, in all fairness, raise material issues just prior to the closing of the record and then attempt to preclude the agency from responding. Therefore, we will consider [the agency's supplemental] affidavits.")[.]

(Id.) (emphasis added).

On November 22, 2002, Schucker filed Appellant's Opposition to Agency's

Motion to Strike Affidavit of Barbara Taft, which responded:

> First, the Appellant's Submission in Lieu of a Hearing was not governed by the administrative judge's ruling with respect to witnesses approved for testimony at the previously-schedule [sic] hearing. The administrative judge's Order of October 30, 2002 contained no such limitation. Moreover, if one considers the typical procedure for deciding cases without a hearing it is clear that there are no such limitations on the evidence an appellant can submit. . . . Nothing in the Board's regulations suggests that when an appellant waives her right to a hearing the administrative judge makes rulings as to what evidence the appellant can

submit. In the instant case, when the Appellant withdrew he [sic] request for a hearing, the administrative judge's prior rulings about who would be permitted to testify ***at the hearing*** became moot. . . .

Second, the agency's Motion to Strike is without foundation because <u>Ms. Taft's affidavit was expressly in ***rebuttal*** to the affidavits of Messers [sic] Aaaron [sic] and Griffin submitted by the agency. If the agency is suggesting that the parties' Final Arguments could not contain evidence to rebut the original submissions filed on November 13<u>th</u>, then the agency misapprehends the purpose of the administrative judge having left the record open after those initial submissions. If not for rebuttal, there would have been no reason for the administrative judge to have left the record open for responsive pleadings.</u> The fecklessness of the agency's argument is apparent when the administrative judge considers that the agency submitted additional evidence with its final submission, namely additional "declarations" of Messers [sic] Aaron and Griffin.

Apparently what the agency really aims for is a never-ending reply opportunity, and hence asks the administrative judge for the right to reply to Ms. Taft's affidavit. Inasmuch as Ms. Taft's affidavit is a rebuttal to evidence and argument presented by the agency in its November 13th submission, there is no reason to allow the agency the right to a sur-rebuttal. If the administrative judge grants that right, then the Appellant requests the same right. The record may never close under that scenario. The agency's reliance on ***Lamb v. Dept. of the Navy*** is misplaced because in this appeal Ms. Taft's affidavit was a rebuttal to the evidence and argument the agency provided in its initial submission (Brief In Support Of Affirmance). Therefore, the issues addressed therein were already considered by the agency in its original submission; the agency could have, and should have, expected that the Appellant would avail herself of the rebuttal opportunity. The agency cannot claim "surprise" merely because it does not like the substance of the evidence the Appellant submitted because such evidence supports the Appellant's position and shows the lack of support for the agency's position.

(Appellant's Opp'n Agency's Mot. Strike Aff. Barbara Taft.) (underline emphasis added).

Then, on December 3, 2002, the Agency submitted a second supplemental declaration of Griffin to address the Taft affidavit, unaware that in the interim the Administrative Judge entered her Initial Decision, dated November 27, 2002.

In the <u>Initial Decision</u>, the Administrative Judge, citing <u>Losure</u>, noted that the Agency had the burden of proof. <u>Initial Decision</u> at 2-3. With respect to meeting that burden, <u>Losure</u> provides that

[t]he agency may establish a prima facie case on [an] element of its decision [e.g., that two positions are not "essentially identical"] by coming forward with evidence. . . . If the employee presents no rebuttal evidence to challenge the bona fides of the agency's [evidence], the agency's initial evidence would normally suffice to meet also the agency's burden of persuasion on this element of its decision. Once the agency makes out a prima facie case, the burden of going forward with rebuttal evidence shifts to the employee but the burden of persuasion (more precisely the risk of non-persuasion) never shifts from the agency. Thus, where credible evidence, either in the employee's rebuttal presentation or in the agency's own admissions, is sufficient to cast doubt on the bona fides of the [argument], the agency may find it advisable to present additional evidence to meet its burden of persuasion. But whether the agency presents such additional evidence or not, the burden remains on the agency to persuade the Board by a preponderance of the evidence that the RIF regulations were in fact [properly applied].

2 M.S.P.R. at 201-02 (emphasis added).

In determining whether the Agency met its burden, the Administrative Judge did not consider the purported rebuttal evidence "because [that evidence was] filed after the date set for receipt of evidence (November 13, 2002)." Initial Decision at 1. The Administrative Judge also did not address Schucker's arguments in opposition to the government's motion to strike the Taft affidavit. Moreover, the Administrative Judge did not discuss Board policy with respect to rebuttal evidence or explain why Schucker's rebuttal evidence should be excluded under that policy. The Administrative Judge considered only the evidence filed on or before the November 13 deadline and, on that evidence, ruled that Schucker did not have a right to retreat to Special Issues Counsel because she found that the Agency met its burden of proving that the positions were not "essentially identical." Id. at 2-8.

On February 17, 2004, without responding to Schucker's argument that the Administrative Judge should have considered her rebuttal evidence, the Board denied Schucker's Petition for Review. The Administrative Judge's decision thus became the

Board's final decision. Final Decision at 1-3. Schucker timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. ANALYSIS

### A. Standard of Review

We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 725 (Fed. Cir. 1998). We review for abuse of discretion the Board's exclusion of evidence from the record filed after a filing deadline. See Dorrall v. Dep't of Army, 301 F.3d 1375, 1380 (Fed. Cir. 2002).

### B. Board Regulations

Board regulations provide that if there is a hearing, "[i]n cases in which the agency has taken an action against an employee, the agency will present its case first." 5 C.F.R. § 1201.57(a) (2002). "If the appellant waives the right to a hearing, the record will close on the date the judge sets as the final date for the receipt or filing of submissions of the parties." Id. § 1201.58(b). "Once the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed." Id. § 1201.58(c).

Because Schucker waived her right to a hearing, 5 C.F.R. § 1201.58(b) governs. Under that regulation, the Administrative Judge sets the final date for the receipt of submissions. In this case, the Administrative Judge set two dates. Specifically, the Administrative Judge ordered that the record remain open until November 13, 2002 for

receipt of evidence and argument from both parties and until November 20, 2002 for receipt of final argument from both parties. Submission Order. The order made clear that after November 20, 2002, the record would be closed. Id. Despite the warning that "[o]nce the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed," 5 C.F.R. § 1201.58(c), both parties attempted to submit evidence after November 13, 2002 without a showing.

On November 19, 2002, with its final argument, the Agency filed two supplemental affidavits and requested in writing that the Administrative Judge accept the evidence because it was unable "to anticipate or address, in its prior submissions" Schucker's evidence. The Agency characterized this evidence as "rebuttal evidence" but did not argue that the evidence was not readily available before November 13.

On November 20, 2002, Schucker submitted the Taft affidavit and declaration as attachments in support of her final argument. Schucker did not request in writing that the Administrative Judge "accept" the evidence, nor did Schucker contend that the evidence was not readily available before November 13, 2002. On November 22, 2002, in a written response to the Agency's motion to strike her November 20, 2002, submission, Schucker described Taft's affidavit and declaration as "rebuttal evidence."

In the Initial Decision, the Administrative Judge did not consider either party's purported rebuttal evidence. Neither the Administrative Judge nor the Board explained the Board's policy on accepting rebuttal evidence and how that policy affected the decision to ignore the parties' rebuttal evidence. Because the Administrative Judge ruled in favor of the Agency, only Schucker appealed this evidentiary decision.

C. The Parties' Arguments

Schucker's primary argument is that regardless whether the Administrative Judge closed the record to evidence, the Administrative Judge had to consider the Taft affidavit because it was "rebuttal evidence" to the Agency's prima facie case. Schucker argues that she could not have filed the Taft affidavit before November 13, 2002, because it would have required her to anticipate the Agency's evidence and to rebut it by simultaneously filing countervailing evidence. Schucker asserts that because the agency bore the burden of proof, she only had to rebut or present countervailing evidence to that offered by the Agency. She argues that could not have been done until the Agency submitted its evidence. Schucker argues that even if the failure to consider the Taft affidavit did not violate Board regulations, the failure violated her right to rebut provided in the Administrative Procedure Act and her right to fundamental fairness inherent in the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

The Agency responds that the Administrative Judge correctly refused to consider the Taft affidavit. The government contends that the record closed for evidence on November 13, 2002, that Schucker did not ask for leave to consider the rebuttal evidence, that Schucker made no showing that the evidence was "not readily available before the record closed," and that Schucker failed to argue in her petition to the Board that the affidavit was "new and material evidence." The Agency also argues that Schucker received notice of the Agency's evidence and had the opportunity to respond by November 13, 2002. The Agency notes that the Agency's position was presented in the agency record and in the response filed on July 12, 2002, and July 19, 2002, respectively, and in its prehearing statements and exhibits filed on September 17, 2002.

The Agency finally contends that because Schucker was aware of and did not object to the deadline set by the Administrative Judge, she waived her right to submit rebuttal evidence after November 13, 2002.

### D. Discussion

This court generally will not interfere with the conduct of proceedings by administrative agencies like the Board absent special circumstances. Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 543 (1978). However, the court will act if an agency, without explanation, engages in conduct that is inconsistent with its precedent. "An agency is obligated to follow precedent, and if it chooses to change, it must explain why." M.M. & P. Mar. Advancement, Training, Educ. & Safety Program (MATES) v. Dep't of Commerce, 729 F.2d 748, 754-55 (Fed. Cir. 1984) (vacating agency decision because agency acted arbitrarily in imposing new requirement on party contrary to agency's precedent and without explanation); accord Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42 (1983) ("[A]n agency changing its course . . . is obligated to supply a reasoned analysis for the change. . . ."); Greater Boston Television Corp. v. Fed. Communications Comm'n, 444 F.2d 841, 852 (D.C. Cir. 1970) (same); cf. NSK Ltd. v. United States, 390 F.3d 1352, 1357-58 (Fed. Cir. 2004) (vacating agency decision where agency acted arbitrarily in interpreting statutory provisions in an internally inconsistent fashion and in not reasonably explaining the inconsistency); SKF USA, Inc. v. United States, 263 F.3d 1369, 1381-82 (Fed. Cir. 2001) (vacating agency decision where agency acted arbitrarily in inconsistently defining a term in two provisions of statute and not reasonably explaining the inconsistency); Nat'l Org. of Veterans v. Sec'y

of Veterans Affairs, 260 F.3d 1365, 1379 (Fed. Cir. 2001) (remanding an agency regulation to allow the agency to provide a reasonable explanation for its decision to interpret virtually identical statutory language inconsistently).

The longstanding policy of the Board to allow parties an opportunity to submit rebuttal evidence appears in a number of Board decisions, beginning with Schultz v. Consumer Product Safety Commission, 10 M.S.P.R. 104 (1982). After the appellant in Schultz, who had the burden of proof, did not request a hearing, the presiding official set a final date for the receipt of submissions by the parties. 10 M.S.P.R. at 105. On that closing date, the agency made evidentiary submissions, which the appellant did not receive until after the record closed. Id. at 105-06. There is no indication whether or when appellant objected to the closing of the record, or whether appellant made a proffer of rebuttal evidence before the initial decision. Id. Nonetheless, the Board held that the presiding official erred in not affording appellant an opportunity to respond, and inter alia, submit rebuttal evidence, explaining:

> The lack of a time limit or other guidelines for closing the record . . . places the matter within the sound discretion of the presiding official where the appellant waives a hearing. The presiding official should fix upon a reasonable time for closing the record based upon all the circumstances of the particular case. However, where an appeal is decided without a hearing, the procedures utilized . . . must comport with basic requirements of fairness and notice, including an opportunity to respond to submissions of the parties.
> In the instant case, the presiding official closed the record without affording appellant the opportunity to submit evidence and argument to attempt to rebut and impeach the affidavits submitted by the agency which constituted key evidence on which the presiding official based her findings of fact. The Board finds that the action of the presiding official was error. This error affected the substantive rights of appellant so as to require reversal and a remand of the case. . . . On remand, the record shall be reopened and appellant shall be afforded a reasonable opportunity to respond to the agency's submissions.

Id. at 106 (internal citations omitted) (emphasis added).

The policy outlined in Schultz was followed more recently in Nordhoff v. Department of Navy, 68 M.S.P.R. 45 (1995). In that case, the Board held that an administrative judge erred in not affording a party an opportunity to respond. In Nordhoff, appellant waived his right to a hearing and the Administrative Judge set two closing dates for the record, an earlier closing date for appellant and a later closing date for the agency. Id. at 48. Before the record closed, appellant objected that he would have no opportunity to respond to the agency's submission. Id. After the record closed, appellant filed a motion to extend the close of the record to allow him to respond. Id. The Administrative Judge gave him no opportunity to respond and the Board found error, explaining:

> Although setting the deadline for closing the record is within the sound discretion of the administrative judge, the judge's rulings in this regard must comport with basic requirements of fairness and notice, including an opportunity for a party to respond to material evidence submitted by the opposing party.
> . . .
> The administrative judge's refusal to extend or reopen the record was error because it denied the appellant the opportunity to respond to the agency's evidence.

Id. In the period between Schultz and Nordhoff, many Board decisions reached the same result following the same policy. See, e.g., Palmer v. United States Postal Serv., 50 M.S.P.R. 552, 555 (1991) ("[A]lthough closing the record in an appeal without a hearing is within the discretion of the administrative judge, parties must be provided an opportunity to respond to submissions."); Lewis v. Dep't of Air Force, 49 M.S.P.R. 442, 445 (1991) (holding that where "appellants waived their rights to hearings, the agencies submitted rebuttal evidence on the last day the record was open, [but] the administrative

04-3227                                                14

judge rejected the appellants' rebuttal[] [evidence,] . . . basic principles of fairness and notice, including an opportunity to respond to submissions of the parties, require consideration of the rebuttal evidence"); Borowski v. Dep't of Agric., 46 M.S.P.R. 564, 566-68 (1991) (holding that administrative judge erred by closing the record in the remand appeal before allowing appellant the opportunity to reply to the agency's response even though appellant voiced no timely objection); Lamb v. Dep't of Navy, 41 M.S.P.R. 79, 84 n.1 (1989) ("The appellant cannot, in all fairness, raise material issues just prior to the closing of the record and then attempt to preclude the agency from responding.  Therefore, we will consider these affidavits."); Anastos v. United States Postal Serv., 38 M.S.P.R. 18, 19-22 (1988) (holding that administrative judge erred by closing the record "without affording the appellant the opportunity to submit evidence and argument to attempt to rebut the evidence submitted by the agency which constituted key evidence on which the administrative judge based his findings" where appellant objected on the date the record closed); Groux v. Dep't of Army, 14 M.S.P.R. 288, 289-91 (1983) (reciting Schultz rule and finding no error where administrative judge did not grant second extension to respond to agency submission after first extension was granted).

We have found no decisions of the Board reflecting a change in the policy set forth in the above-noted cases of allowing an appellant an opportunity to rebut the government's evidentiary submissions.  These Board decisions, which are hard to distinguish from Schucker's case, thus illustrate the longstanding practice of the Board that it is error to close the record without affording parties an opportunity to submit rebuttal evidence.  By taking a position inconsistent with this longstanding practice,

without any explanation for the shift, the Board's action is not reasoned decision-making and is arbitrary.  MATES, 729 F.2d at 754-55.

The Agency contends that the Board's decision is consistent with Board precedent supporting the proposition that a party can waive rebuttal if the party does not take steps to preserve its rights.  Specifically, the Agency asserts that Schucker waived rebuttal because she did not object to the November 13 deadline, did not ask for leave, and did not assert that the evidence was not readily available or new and material.  See Gavette v. Dep't of Treasury, 44 M.S.P.R. 166, 173-74 (1990) (reciting policy of allowing opportunity to respond but holding that administrative judge need not consider evidence where party did not object to staggered deadlines with the deadline for opponent's final submission set later and party showed no prejudice); Grassell v. Dep't of Transp., 40 M.S.P.R. 554, 563-64 (1989) (reciting policy of allowing opportunity to respond but holding that administrative judge did not err in ignoring submissions where judge said that any evidence received after certain date would not be accepted unless it was new and material evidence unavailable before the record closed, and where appellant made his only submission after the deadline, made no request for more time, and did not indicate that it was new and material); Dougherty v. Office of Pers. Mgmt., 36 M.S.P.R. 117, 119-21 (1988) (same as Grassell).  Other Board opinions, however, may support a party's right to submit rebuttal evidence if the party submits rebuttal evidence within a reasonable time.  See Montreuil v. Dep't of Air Force, 55 M.S.P.R. 685, 692 & n.2 (1992) (suggesting that appellant only waives objection to the judge's failure to provide him an opportunity to respond "where, during the . . . period between the close of the record and . . . the initial decision, he failed to file an objection . . . [,] request reopening

of the record[,] or offer rebuttal evidence"); <u>Adams v. Dep't of Navy</u>, 51 M.S.P.R. 276, 280-82 (1991) (suggesting that it is error for administrative judge not to consider rebuttal evidence submitted after closing date if a party moves to reopen record, objects to evidence in need of rebuttal, or actually submits the rebuttal evidence); <u>Losure</u>, 2 M.S.P.R. at 201-02 (suggesting that as to rebuttal evidence, "[on]ce the agency makes out a prima facie case, the burden of going forward with rebuttal evidence [then] shifts to the employee").

In this case, the Board did not explain that Schucker waived her rebuttal rights because she failed to object to a deadline, ask for leave, or make a showing. The Administrative Judge simply refused to consider the purported rebuttal evidence, citing only the November 13 deadline. Accordingly, we decline, in the first instance, to address whether Schucker may have waived her rebuttal right under Board precedent. <u>Sec. and Exch. Comm'n v. Chenery Corp.</u>, 332 U.S. 194, 196 (1947) (holding that a reviewing court may not supply a reasoned basis for the agency's action that the agency itself has not given); <u>Greater Boston Television</u>, 444 F.2d at 851 ("[T]he court . . . must not be left to guess as to the agency's findings or reasons.").

The Agency also argues that Schucker had notice of the type of evidence that the Agency would submit or, at least, should have anticipated it. The government thus contends that Schucker should have submitted rebuttal evidence simultaneously with the Agency's November 13, 2002 submission. Both the Agency's Response and its Prehearing Statement, however, presented only superficial arguments why the positions were "essentially identical." Neither document contained the evidence which Schucker addressed in the Taft affidavit's line-by-line rebuttal of the Agency's submitted evidence.

04-3227                                            17

Moreover, the notion of "anticipating evidence" runs counter to the policy enunciated in Schultz and Losure and the importance of the opportunity to present rebuttal evidence reflected in that policy.

Finally, the Agency argues that this court's decision in Dorrall v. Department of Army shows that the Board did not abuse its discretion in refusing to consider Schucker's rebuttal evidence. 301 F.3d at 1380. In Dorrall, we held that the Board did not abuse its discretion when it chose not to consider a "Statement in Support of Appeal" submitted after the deadline set by the Board, noting that "Dorrall failed to show due diligence or the existence of circumstances beyond his control that prevented him from meeting the filing deadline." Id. Dorrall deals, however, with appellant's burden to submit jurisdictional facts into the record at the outset of an appeal. That is in contrast to Schultz, in which the Board already had jurisdiction, the record had been compiled, and the question was whether fairness required that appellant be given an opportunity to respond to a material agency submission in an appeal from a reduction-in-force decision.

In Frampton v. Department of Interior, we held that an administrative judge abused his discretion during a hearing by summarily prohibiting the petitioner "from completing the presentation of his evidence" on one of petitioner's principal defenses to an adverse personnel action. 811 F.2d 1486, 1489 (Fed. Cir. 1987). With respect to the parameters of a fair hearing and the right to present evidence, we said:

> A fair hearing for employees who appeal to the MSPB from agency decisions is the basic cornerstone of employee rights. Under the statutory scheme, the hearing before the presiding official of the MSPB is the only opportunity which a discharged employee or one subjected to an adverse personnel action has to a de novo trial before an impartial judge. See 5 U.S.C. §§ 7701, 7703. This is so because the scope of judicial

review is severely limited by the language of the statute. See 5 U.S.C. § 7703(c)(3). Many of these cases turn on findings of fact made by the presiding official on the basis of conflicting evidence. Consequently, his findings of fact result in the affirmance of MSPB decisions in all cases where the court finds that only factual issues are involved and that such findings are supported by substantial evidence.

. . . [P]residing officials have the authority to exclude truly irrelevant or overly repetitious testimony. Perkins v. Veterans Administration, 21 M.S.P.R. 58, 60 (1984). However, they should scrupulously avoid rulings which deny employees the fair and impartial trial guaranteed to them by the statute and regulation. When, as in this case, a presiding official cuts off an employee's attempt to present his testimony, supporting evidence, or defenses, the presiding official risks reversal of his decision. . . .

. . . Congress included the provision on hearings in that portion of the Act "in order to protect the right [sic] of employees" and to guarantee "a full and fair consideration of their case" . . . .

. . . Since petitioner was summarily prohibited from completing the presentation of his evidence on this issue, he was effectively denied the right to the full and fair hearing envisioned. . . .

Id. (internal citations omitted). We also observed that "petitioner and his attorney were not without fault in the presentation of petitioner's case before the presiding official" and counseled that petitioner should be better prepared. Id. at 1490.

Frampton is not controlling in the present case because Schucker waived her right to a hearing and chose to present her case on submissions. However, Frampton reflects that fairness in adjudicating employee's rights is a cornerstone of proceedings before the Board. Even if the petitioner can be faulted for less than efficient presentation of evidence, that does not permit the Board, without explanation, to act in an inconsistent way.

Because the Board excluded Schucker's rebuttal evidence and failed to offer a reasonable explanation for either changing or not following its longstanding practice of affording parties an opportunity to submit rebuttal evidence, we conclude that the Board acted arbitrarily. We vacate the Board's decision and remand for further proceedings

04-3227                                    19

consistent with this opinion. In light of our decision, we need not and do not consider

Schucker's claims based on due process or the Administrative Procedure Act.

<u>VACATED AND REMANDED</u>

III. COSTS

No costs.