# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20700

MARINER ENERGY INC

Plaintiff-Appellant

v.

REBECCA W WATSON; MINERALS MANAGEMENT SERVICE; UNITED STATES DEPARTMENT OF INTERIOR

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3404

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mariner Energy, Inc. ("Mariner") appeals the district court's dismissal of its complaint for failure to exhaust administrative remedies. We affirm.

## I. FACTS AND PROCEEDINGS

Pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331–56a, the Secretary of the Interior may issue and administer gas and oil leases on the underwater lands of the Outer Continental Shelf. These leases

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide for the collection of royalties on discovered and produced oil or gas. The Secretary of the Interior has delegated authority to the Minerals Management Service ("MMS") to value the production of these leases and collect the resulting royalties.

In 1995, Congress enacted the Outer Continental Shelf Deep Water Royalty Relief Act, 43 U.S.C. § 1337(a)(1)(H), (a)(3)(B), (a)(3)(C) ("DWRRA"), which allows owners of some oil and gas leases to avoid paying royalties on oil and gas up to a certain royalty suspension volume. For at least pre-1995 leases, the Act requires that, in order for the leaseholder to avail itself of the royalty exemption in a given year, the market price of oil or gas (determined by the New York Mercantile Exchange) must be lower than a particular price threshold. The parties dispute whether this price threshold requirement applies to post-1995 leases.

Mariner owns an interest in two post-1995 deep water leases that contain royalty suspension volumes. On April 16, 2001, the MMS issued a letter ordering Mariner to pay royalties on natural gas from these leases for calendar year 2000 ("CY2000") production. The MMS required royalty payments because the prevailing natural gas market price during CY2000 was greater than the relevant price threshold, even though the royalty suspension volume applicable to the leases had not yet been exceeded.

Mariner timely appealed the MMS's decision to the MMS Director, arguing that the price threshold requirement should not apply to royalty relief for its leases because they are post-1995 leases. The MMS Director denied the appeal. The regulations permit the MMS Director's decision to be appealed to the Interior Board of Land Appeals ("IBLA") but require that a notice of appeal be filed within 30 days of the date of service of the MMS Director's decision. See 43 C.F.R. § 4.411(a). On September 30, 2002, Mariner received the MMS Director's

decision. Mariner concedes that it filed its notice of appeal on October 31, 2002, 31 days later. Mariner offers no justification for its late filing.

When the notice is not timely filed, the regulations state that it "will not be considered and the appeal will be dismissed by the Board." Id. § 4.411(c). Mariner argued in its appeal to the IBLA that there was an IBLA-created exception to this appeal deadline in situations when dismissal for untimeliness would create an injustice by virtue of inconsistent results. Mariner also urged that this exception was particularly apt because the dispute asked for a resolution of the Act's language rather than any factual determinations. The IBLA dismissed Mariner's appeal as dilatory without explicitly addressing this argument.

Mariner then filed a complaint in the United States District Court for the Southern District of Texas seeking judicial review of both the substance of the MMS Director's decision and the IBLA's order dismissing the appeal. The defendants (collectively, "MMS") filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). MMS argued that the lack of a timely appeal of the MMS Director's decision to the IBLA constituted a failure to exhaust mandatory administrative remedies. The regulations require that, "to exhaust administrative remedies, you must appeal an MMS Royalty Management Program (RMP) or delegated State order" to both the MMS Director and subsequently to the IBLA. 30 C.F.R. § 290.110.

Mariner responded to the motion to dismiss, arguing that the IBLA's dismissal was arbitrary and capricious based on prior IBLA precedent applying an exception to the timely filing requirement when dismissal could lead to disparate outcomes in similar cases.

The district court interpreted the Rule 12(b)(1) motion as a Rule 12(b)(6) motion, granted it, and thereby dismissed the complaint for failure to exhaust administrative remedies. Mariner timely appealed.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's dismissal under Rule 12(b)(6). Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997). This court evaluates whether the IBLA's decision was arbitrary and capricious. See Enron Oil & Gas Co. v. Lujan, 978 F.2d 212, 214–15 (5th Cir. 1992). In conducting this review, the court examines whether the agency considered the relevant factors or committed "a clear error of judgment." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). While this review is thorough, the agency is afforded considerable deference. Id. at 415–16; see also Miss. River Basin Alliance v. Westphal, 230 F.3d 170, 176 (5th Cir. 2000).

## III. DISCUSSION

A.    Motion to take judicial notice

We begin by addressing a motion filed by Mariner asking the court to take judicial notice of a subsequent 2006 MMS order superseding, in part, the 2001 order at issue. The 2006 order addressed, inter alia, the same leases as the 2001 order and quantified the amounts owed for CY2000 under the 2001 order.

The 2006 order is "capable of accurate and ready determination by resort to a source whose accuracy on the matter cannot reasonably be questioned." Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005). While MMS opposes the motion, it does not contend that the order is not accurate or authentic. We grant the motion and take judicial notice of the 2006 order.

B.    IBLA exception

Mariner argues on appeal that the IBLA was arbitrary and capricious in dismissing Mariner's untimely appeal rather than applying prior IBLA precedent to consider it out of time. In order for the IBLA's dismissal to be even potentially arbitrary and capricious, prior IBLA caselaw must actually embody a principle that untimely appeals should be considered when refusal to do so

4

might risk inconsistent results in similar cases. Prior IBLA caselaw does not urge, much less mandate, application of such a principle.

Mariner relies primarily on two IBLA cases. In Apache Corp., the IBLA considered a petition for reconsideration of a dismissal for dilatory filing. IBLA 99-109R (Mar. 28, 2002) (unpublished). The IBLA noted that the timely filing requirement acted as a bar except "upon a showing of compelling legal or equitable reasons, such as violations of basic rights of the parties or the need to prevent an injustice." Id. at 1 (quoting Helit v. Gold Fields Mining Corp., 113 IBLA 299, 308 (Mar. 12, 1990)). The petitioner argued, much like Mariner, "that the failure to perfect a timely appeal should not preclude reconsideration of the MMS decision when necessary to prevent an injustice such as the disparate treatment of different parties in resolving the same issue." Id. at 3. Nevertheless, the IBLA denied the motion for reconsideration, albeit without prejudice to refiling should such disparate results actually occur.

In Walter Van Norman Jr., the IBLA considered whether to permit an untimely appeal of an MMS order containing a royalty payment demand. 114 IBLA 56 (Apr. 6, 1990). The petitioner had properly appealed a prior order that included the valuation method for calculating the royalty quantified on the subsequent order. Reasoning that the prior order "put at issue" the dispute between the parties and that the "valuation methodology was also the predicate of the subsequent implementing order," the IBLA reversed the MMS Director's dismissal for untimeliness and remanded. Id. at 59.

Under arbitrary and capricious review, this court "is not to substitute its judgment for that of the agency as to which particular features might be most desirable or efficacious." Sierra Club v. Glickman, 67 F.3d 90, 97 (5th Cir. 1995). Mariner's attempt to cobble together prior IBLA precedent of considering out-of-time appeals in these circumstances is a losing effort. Accordingly, we decline to reverse the district court.

## C. Failure to address arguments

Mariner also argues that the IBLA was arbitrary and capricious in failing to specifically address the contention that the untimely appeal should be considered pursuant to an IBLA-created exception to the statutory filing requirement. Mariner accordingly asks for a remand to the IBLA for articulation of its reasons for rejecting this argument.

An agency's decision need not be crystal clear. As long as the "agency's path may reasonably be discerned," we may uphold an agency decision that is "of less than ideal clarity." Steere Tank Lines, Inc. v. Interstate Commerce Comm'n, 714 F.2d 1300, 1310 (5th Cir. 1983) (internal quotation omitted).

Mariner points to Schucker v. FDIC, 401 F.3d 1347 (Fed. Cir. 2005), and Davila-Bardales v. INS, 27 F.3d 1 (1st Cir. 1994), for the proposition that the IBLA had to provide an explanation for rejecting the purported IBLA-created exception to the filing requirement. These cases are inapposite, however, because in both the court acknowledged that the agency action was a departure from a line of prior precedent. Schucker, 401 F.3d at 1355 (addressing departure from "longstanding policy of the Board"); Davila-Bardales, 27 F.3d at 5 (stating that the "the BIA appears to have blazed a new trail that veers significantly from its own prior precedent").

We have already rejected Mariner's assertion that the IBLA, in dismissing its appeal as untimely, declined to apply a doctrine threaded throughout its caselaw. Instead, the IBLA's decision not to apply the exception urged by Mariner was not a departure from prior precedent. The IBLA's "path" to this rather routine decision, therefore, was sufficiently lucid without explicit discussion of the exception. Accordingly, we decline to hold that the IBLA was arbitrary and capricious in not specifically addressing Mariner's argument.

## IV. Conclusion

We AFFIRM the judgment of the district court.