# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
    Appellant,

v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
DC-3330-18-0427-I-1

DATE: August 26, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Katherine Largo Yourth, Esquire, Richmond, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act (VEOA) of 1998. On petition for review, the appellant argues that he is entitled to corrective action because he proved that the agency violated

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his veterans' preference rights, under 5 U.S.C. §§ 3311(2) and 3319,[2] 5 C.F.R. § 302.302(d), and another provision that appears to be from the Office of Personnel Management (OPM) Delegated Examining Operations Handbook (DEOH),[3] by rating him ineligible based only on his occupational assessment; by rating him ineligible, regardless, because his response to Question #1 of the assessment showed that he rated himself as minimally qualified; by failing to place him in the highest category; and by selecting a nonveteran over him without following the passover procedures. Petition for Review (PFR) File, Tab 2 at 5, 9-12. He also argues that the administrative judge was biased because he ruled for the agency, declined his request for a hearing, failed to issue a close of record order, and denied him an opportunity to respond to the agency's evidence before issuing the initial decision. *Id.* at 6-10.

¶2 Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due

---

[2] The appellant argues that the agency violated the passover procedures identified in 5 U.S.C. § 3318, which apply to the traditional rating and ranking process. Here, the agency utilized category rating in making a selection for the position at issue. Initial Appeal File, Tab 5 at 49. Section 3319 sets forth the process for utilizing category rating, including the procedures for placing preference-eligible candidates in categories in accordance with their veterans' preference and passing over preference-eligible candidates. 5 U.S.C. § 3319(a), (b), (c)(7). We therefore construe the appellant's argument as raising a section 3319 claim.

[3] *See* Office of Personnel Management, Delegated Examining Operations Handbook, chapter 5, section B at 105 (May 2007), https://www.opm.gov/policy-data-oversight/hiring-information/competitive-hiring/deo_handbook.pdf (last visited Aug. 19, 2022).

diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claims that the administrative judge committed reversible procedural errors and to consider in more detail his arguments that were not addressed below, we AFFIRM the initial decision.

¶3      The administrative judge did not address whether the agency allowed the appellant to credit all of his experience when completing the assessment. Under 5 U.S.C. § 3311, a preference eligible is entitled to have a broad range of prior experience considered, including relevant military experience and experience gained "in religious, civic, welfare, service, and organizational activities." No aspect of the application materials restricted the appellant from considering that type of experience in assessing whether he met the specialized experience requirement for the position and in selecting the most appropriate response to Question #2 of the assessment. Initial Appeal File (IAF), Tab 5 at 21, 47-48; *see* 5 U.S.C. § 3311; *cf. Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324-25 (2009) (finding that the agency violated the veterans' preference rights afforded to the preference-eligible applicant under 5 U.S.C. § 3311 by failing to consider his relevant military experience in determining his eligibility). Rather, the announcement apprised applicants that such experience would be credited. IAF, Tab 5 at 47-48. To the extent that the appellant did not consider those experiences in selecting an answer to Question #2, that error is attributable to him, not the agency.

¶4      Further, the appellant's claim that the DEOH required the agency to consider his application attachments in determining his eligibility is without merit. PFR File, Tab 2 at 11-12; Initial Appeal File (IAF), Tab 8 at 4. The DEOH is not a statute or regulation and therefore cannot support a claim for

corrective action under VEOA. *Cf. Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 9 (2012) (finding that, to the extent the appellant alleged that the agency violated OPM's VetGuide, he failed to nonfrivolously allege a violation of statute or regulation relating to veterans' preference). Because the appellant rated himself not minimally qualified in his assessment, he was not entitled to be considered for the next phases of the selection process, such as being placed in a category in accordance with his veterans' preference. IAF, Tab 6, Initial Decision (ID) at 5-6; IAF, Tab 5 at 10-12, 18, 20-21, 47-48; *see Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, 539 (2010) (observing that no authority requires that a preference eligible be considered at every stage of the selection process); *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006) (explaining that VEOA does not provide that veterans will be considered for positions for which they are not qualified).

¶5     In addition, we agree with the administrative judge that a hearing was unnecessary, as the parties did not dispute the dispositive factual issues—that the appellant indicated in his online assessment that he lacked the specialized experience and/or education for the position at the advertised levels and that his application was automatically removed from consideration as a result. ID at 5; *see Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 10 (2010) (explaining that the Board may decide the merits without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law). However, as correctly argued by the appellant, the administrative judge erred by failing to advise him that she would not be holding his requested hearing, set a date on which the record would close, or allow the parties to submit further argument and evidence on the merits of the appeal before the close of the record.[4] *See Jarrard*,

---

[4] The appellant cites to *Schucker v. Federal Deposit Insurance Corporation*, 401 F.3d 1347 (Fed. Cir. 2005), as support for his contention that the administrative judge committed reversible error in denying him an opportunity to submit rebuttal evidence. PFR File, Tab 2 at 9-10. In *Schucker*, the Federal Circuit found that the Board had a longstanding policy of finding that an administrative judge has committed error by

113 M.S.P.R. 502, ¶ 11.  Because of that error, we have considered all of the appellant's submissions from below and on review, including his May 7, 2018 response that he submitted to the administrative judge after the initial decision's issuance.  PFR File, Tabs 2, 4; IAF, Tabs 1, 4, 8.  Accordingly, the appellant has not shown how, under these circumstances, the administrative judge's procedural errors prejudiced his substantive rights; therefore, those errors do not provide a basis for review.  *See Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 13 (2007) (finding no reversible error because the appellant did not show that the cancellation of his requested hearing prejudiced his substantive rights under VEOA); *see generally Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶6      Finally, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant's claims, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome that presumption, nor establish a deep-seated favoritism or antagonism.

---

closing the record without allowing the parties an opportunity to submit rebuttal evidence.  401 F.3d at 1355-57.  Although *Schucker* did not involve a VEOA appeal, the Board's approach in VEOA appeals is consistent with the Federal Circuit's holding in that case.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.