# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　Agency.

DOCKET NUMBER
DC-3330-16-0292-I-1

DATE: August 12, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Eric Williams</u>, North Charleston, South Carolina, pro se.

<u>Mary Kate DeMane</u>, Esquire, Portsmouth, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In July 2015, the appellant applied for a GS-9/11 Contract Specialist position with the agency advertised under vacancy announcement number 1460254.  Initial Appeal File (IAF), Tab 1 at 9, 16.  After apparently being notified that he had been found not qualified for the position, the appellant timely filed a complaint with the Department of Labor (DOL) alleging that the agency violated his veterans' preference rights.  *See id.* at 1.  On January 5, 2016, DOL notified the appellant that it had determined that the evidence did not support his allegation that the agency violated his veterans' preference rights and informed him of his right to appeal the determination to the Board.  *Id.*

¶3    The appellant timely filed a request for corrective action with the Board and requested a hearing.  IAF, Tab 1.  On January 20, 2016, the administrative judge issued an order explaining the jurisdictional requirements under VEOA and ordering the appellant to respond with information establishing jurisdiction within 12 days from the date of the order.  IAF, Tab 3 at 1‑7.  The administrative judge further ordered the agency to respond within 20 calendar days of the order and stated that the record on timeliness, exhaustion, and other jurisdictional issues would close on the date the agency's response was due.  *Id.* at 7.  On February 5, 2016, the case was reassigned to a different administrative judge.  IAF, Tab 5.  On February 9, 2016, the agency filed a motion to dismiss the appeal for lack of jurisdiction or, in the alternative, for failure to state a claim.  IAF, Tab 6 at 4‑5.  The agency argued that the appellant had not responded to the administrative judge's jurisdictional order and thus had failed to establish Board jurisdiction.  *Id*.  The agency also argued that, even if the Board found jurisdiction, the appellant could not establish that the agency violated any veterans' preference right because:  (1) the agency determined that the appellant was not qualified for the position; and (2) the agency did not select any candidate from the certified list generated under vacancy announcement number 1460254, but rather used the

Expedited Hiring Authority (EHA) program to fill the vacancies.[2]  *Id.*  In support of its motion, the agency submitted a declaration signed under penalty of perjury by the Contract Resource and Policy Division Manager who affirmed that the agency did not select any candidate under the vacancy announcement at issue.  *Id.* at 6.

¶4        On February 17, 2016, the administrative judge issued an initial decision finding that the appellant exhausted his administrative remedy with DOL, but that he failed to make a nonfrivolous allegation that the agency violated any veterans' preference right.  IAF, Tab 7, Initial Decision (ID).  Thus, the administrative judge dismissed the appeal for lack of jurisdiction.[3]  ID at 5‑6.

¶5        The appellant has filed a petition for review of the initial decision, the agency has responded in opposition to his petition for review, and the appellant has submitted a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 4‑5.[4]  On review, the appellant argues that the administrative judge did not give him enough time to "build his case," failed to communicate with him,

---

[2] The EHA authorizes the Secretary of Defense to "designate any category of positions in the acquisition workforce . . . as positions for which there exists a shortage of candidates or a critical hiring need," and to recruit and appoint qualified persons directly to such positions.  10 U.S.C. § 1705(g).

[3] On February 25, 2016, the regional office received correspondence from the appellant, dated February 19, 2016.  IAF, Tab 9.  Because the initial decision already had been issued, the administrative judge did not consider the appellant's pleading.

[4] Several days after submitting his petition for review, the appellant submitted an additional pleading, which the Clerk of the Board docketed as a "Supplement to the Petition for Review."  PFR File, Tab 3.  The Board's regulations only allow certain pleadings on review:  a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a).  The Board does not permit any other pleadings unless the party files a motion with and obtains leave from the Clerk of the Board.  5 C.F.R. § 1201.114(a)(5).  Even though the appellant has not filed a request for leave to submit his supplemental pleading, we note, in any event, that the supplemental pleading contains essentially identical arguments as his other pleadings on review.  *Compare* PFR File, Tab 3, *with* PFR File, Tabs 1, 5.

and "rush[ed] [his appeal] along without careful thought."[5]  PFR File, Tab 1 at 3-4.  He also asserts that the agency violated his veterans' preference rights by failing to properly rate his application package and used the EHA to "circumvent [his] veterans' preference rights."  *Id.* at 2, 5‑10.

<u>The administrative judge should have afforded the appellant the opportunity to rebut the new evidence and argument submitted by the agency on the day the record on jurisdiction closed.</u>

¶6        Under 5 C.F.R. § 1201.41, an administrative judge is required to conduct fair and impartial proceedings and is endowed with broad discretionary authority in executing this mandate.  *Gavette v. Department of the Treasury*, 44 M.S.P.R. 166, 174 (1990).  Although the administrative judge has wide discretion to control the proceedings, including setting the deadline for closing the record, the procedures used must comport with the basic requirements of fairness and notice, including an opportunity for response to the opposing party's submissions.  *Id.* Thus, where one party is precluded from responding to material evidence that is included in the opposing party's submission, and upon which the administrative judge relies in the initial decision, such error may warrant reversal of the initial decision.  *Id.*   The administrative judge's procedural error is of no legal consequence, however, unless it is shown to have adversely affected a party's substantive rights.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶7        As described above, on January 20, 2016, the administrative judge issued an order on jurisdiction, explaining the jurisdictional requirements for a VEOA claim and ordering the appellant to respond within 12 days from the date of the

---

[5] With his petition for review, the appellant resubmitted the text from his February 19, 2016 pleading.  PFR File, Tab 1 at 5‑10; *see* IAF, Tab 9.  He also submitted a copy of an undated "formal complaint" against the administrative judge, which he asserts he submitted to the regional office, complaining that the administrative judge issued the initial decision within 12 days of the case being reassigned to her and without first contacting the appellant.  PFR File, Tab 1 at 3‑4, 13‑14.

order. IAF, Tab 3. The appellant, however, failed to respond within that timeframe. The agency timely responded on February 9, 2016, and the record on jurisdiction closed on that date. *Id.* at 7; IAF, Tab 6. The administrative judge issued the initial decision on February 17, 2016. ID at 1. The appellant asserts on review that he mailed a pleading in support of his appeal on February 16, 2016.[6] PFR File, Tab 1 at 3, 12. On February 19, 2016, the appellant mailed another pleading, arguing that the agency's use of the EHA program to fill the vacancies was unlawful and reiterating his contention that the agency violated his veterans' preference rights. IAF, Tab 9 at 1‑6. Because the initial decision already had been issued, the February 16 and February 19, 2016 pleadings were not considered by the administrative judge in rendering the initial decision.

¶8      In the initial decision, the administrative judge relied on the evidence submitted with the agency's motion to dismiss—in particular, the affidavit provided by the Contract Resource and Policy Division Manager—in finding that the appellant failed to nonfrivolously allege that the agency violated any of his veterans' preference rights. ID at 5; IAF, Tab 6 at 6. However, the administrative judge closed the record on jurisdiction and issued the initial decision without affording the appellant the opportunity to rebut the evidence submitted by the agency on the day the record on jurisdiction closed. This was error.[7] *See Schucker v. Federal Deposit Insurance Corporation*, 401 F.3d 1347,

---

[6] The appellant has not submitted a copy of this pleading on review, and there is no evidence in the record below that it was ever received by the regional office.

[7] Although we find that the administrative judge erred by failing to afford the appellant an opportunity to rebut the agency's submission just before the record closed, we find no merit to the appellant's other arguments that the administrative judge mishandled his case by, among other things, failing to communicate with him prior to issuing the initial decision and by deciding the case within 33 days. PFR File, Tabs 1, 5. Moreover, insofar as the appellant alleges that the administrative judge was biased against him, we find nothing in the record to support this allegation. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (stating that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

1355-56 (Fed. Cir. 2005); *Anastos v. U.S. Postal Service*, 38 M.S.P.R. 18, 21 (1988).  We have considered the appellant's petition for review responding to the agency's evidence and, as explained below, we find that the appellant has established jurisdiction over his claims.

The Board has jurisdiction over the appellant's claims.

¶9        The Board has jurisdiction over two types of VEOA claims:  (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.  *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015).  The appellant appears to have raised both types of claims here.[8]  IAF, Tab 1; PFR File, Tab 1 at 5‑8, Tab 5 at 5‑9.

¶10       First, to establish Board jurisdiction over a right-to-compete VEOA claim, the appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (iii) the agency denied him the opportunity to compete under merit

---

[8] On review, the agency argues that the Board should not consider the appellant's challenge to the agency's use of the EHA to fill the Contract Specialist vacancies because he did not raise the allegation below.  PFR File, Tab 4 at 6.  The agency is correct that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Here, however, we find it appropriate to consider the appellant's arguments pertaining to his right‑to‑compete claim for the first time on review because it appears that he was not informed that the agency had filled the Contract Specialist vacancies using the EHA program until he received the agency's motion to dismiss on the date the record closed, and he was not afforded an opportunity to respond to the agency's submission below.  IAF, Tab 6; *see Nevins v. U.S. Postal Service*, 107 M.S.P.R. 595, ¶ 17 (2008) (finding it appropriate to consider new evidence on petition for review because the appellant was not informed of the evidentiary conflict until she received the agency's final submission on the date the record closed).

promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶11  Second, to establish Board jurisdiction over a veterans' preference claim, the appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA; (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014), *aff'd*, 818 F.3d 1357 (Fed. Cir. 2016). A statute or regulation "relating to veterans' preference" under VEOA is one that stands in some relation to, has a bearing on, concerns, and has some connection with veterans' preference rights. *Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶ 17 (2005), *aff'd on recons.*, 104 M.S.P.R. 1 (2006).

¶12  In this case, the administrative judge found, and we agree, that the appellant exhausted his remedy with DOL. ID at 4‑5. Further, it is undisputed that the appellant made nonfrivolous allegations that he is a preference eligible and that the events took place after the enactment dates mentioned above. IAF, Tab 1. Thus, we need only decide whether the appellant has made nonfrivolous allegations that: (1) the agency denied him an opportunity to compete in violation of section 3304(f)(1); and/or (2) the agency violated his rights under a statute or regulation relating to veterans' preference. In establishing the Board's jurisdiction over a VEOA appeal, an appellant need not state a claim upon which relief can be granted, and an appellant's allegation, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement. *Miller*, 121 M.S.P.R. 88, ¶ 6.

¶13     Regarding his right-to-compete claim, the appellant alleges that the agency denied him the right to compete for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1) by, among other things, filling the Contract Specialist vacancies using the EHA program without openly advertising the vacancy announcement under the EHA.[9]  PFR File, Tab 1 at 5‑7.  Pursuant to 5 U.S.C. § 3304(f)(1), agencies must afford preference eligibles and other covered individuals "the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."  The requirement that agencies afford covered individuals the right to compete pursuant to 5 U.S.C. § 3304(f)(1) is not limited merely to situations in which an agency elects to use merit promotion procedures, but rather is triggered when an agency accepts applications from individuals outside its own workforce.  *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 7 (2016).  An agency may violate a covered individual's right to compete under section 3304(f)(1) when it deprives him of the right to apply by filling a position without the required public notice.  *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 28 (2010).

¶14     Below, the agency submitted its internal guidance for using the EHA, which states that positions to be filled using that authority must be advertised on USAJOBS as "Job Opportunity Announcements."  IAF, Tab 6 at 18.  It is unclear from the record whether that occurred for the vacancies at issue.  Further, to date,

---

[9] The appellant also argues that the agency's use of the EHA program to fill the vacancies after September 30, 2015, was unauthorized because the EHA program expired on September 30, 2015.  PFR File, Tab 1 at 2, 6.  This assertion is incorrect.  Although a prior version of the statute had an expiration date of September 30, 2015, the National Defense Authorization Act for Fiscal Year 2013 extended the EHA until September 30, 2017.  National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112‑239, § 803(b), 126 Stat. 1632, 1825 (2013).  The current version of the statute does not contain any expiration date for the EHA program.  10 U.S.C. § 1705(g) (2015).

the agency has not disputed the appellant's claim that it accepted applications from outside of its own workforce in filling the Contract Specialist vacancies under the EHA program.  IAF, Tab 6; PFR File, Tab 1 at 7-8, Tab 4.  If it did, the appellant was entitled to an opportunity to compete for the positions pursuant to 5 U.S.C. § 3304(f)(1).   The appellant has nonfrivolously alleged that the agency failed to openly advertise the position under the EHA program, thus establishing jurisdiction over his right-to-compete claim.  *See Montgomery*, 123 M.S.P.R. 216, ¶ 5.

¶15        Regarding his veterans' preference claim, the appellant argues that the agency violated 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) by failing to credit him with all experience and education material to the positions.   IAF, Tab 1 at 10-14; PFR File, Tab 1 at 7.  He noted that his application package included a Standard Form 50 indicating that he previously had held a Contract Specialist position in another agency and that the agency failed to credit him with that experience.  IAF, Tab 1 at 11.  It is unclear from the current record how the agency obtained applications and made selections under the EHA for the vacancies at issue.  It is also unclear whether those on the hiring certificate for vacancy announcement number 1460254 were, or should have been, considered for the EHA hires.  We find that the appellant has nonfrivolously alleged that the agency did not comply with 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) by failing to consider his experience when reviewing his application for the Contract Specialist positions.  *See Miller*, 121 M.S.P.R. 88, ¶ 7.  We also find that the appellant nonfrivolously alleged that the agency failed to comply with pass-over procedures under 5 U.S.C. § 3318 by selecting nonpreference eligibles over him, a preference eligible.  IAF, Tab 1 at 10, 13; PFR File, Tab 1 at 7‑8; *see Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 13 (2012).  Accordingly, we find that the Board has jurisdiction over the appellant's veterans' preference claims.

**This appeal must be remanded because there are genuine issues of material fact that cannot be resolved on the current record.**

¶16     The Board has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Montgomery*, 123 M.S.P.R. 216, ¶ 13. As discussed herein, there remain genuine disputed issues of material fact that cannot be resolved on the current record. Therefore, this appeal must be remanded for the record to be fully developed regarding the material facts. *See id.*

¶17     As previously noted, pursuant to 5 U.S.C. § 3304(f)(1), agencies must afford preference eligibles and other covered individuals the opportunity to compete for vacant positions when it accepts applications from outside its own workforce, and a lack of public notice of the vacancy may violate that right. *Dean*, 115 M.S.P.R. 157, ¶ 28. Here, the agency contends that it did not select any candidate from the certificate of eligibles generated under vacancy announcement number 1460254, and the appellant submitted a copy of an email informing him that the vacancy announcement had been canceled. IAF, Tab 1 at 9, Tab 6 at 6. The agency has not explained how it obtained the names of the applicants it ultimately selected to fill the Contract Specialist vacancies. IAF, Tab 6; PFR File, Tab 4. Consequently, it is unclear from the current record whether the agency relisted the vacancy announcement under the EHA program, whether it made its selections through a name request from vacancy announcement number 1460254, or whether it made its selections from another source.[10] *See* IAF, Tab 6 at 6; *see also id.* at 19. Accordingly, we find that there

---

[10] The vacancy announcement under which the appellant applied does not identify that the position will be filled under the EHA program. IAF, Tab 1 at 16‑26, Tab 6 at 7-13. The agency's internal guidance provides that a vacancy announcement that will be filled under the EHA program must be advertised on USAJOBS and must identify the use of the EHA authority. *Id.* at 18. It further provides that selections may be made either from a referral certificate, which requires that preference eligibles must be considered before all nonpreference-eligible candidates, or through a name request. *Id.* at 19.

is insufficient evidence in the record to determine if the agency denied the appellant the right to compete in filling the vacancies at issue in this appeal.

¶18    Further, given the lack of evidence about how the agency filled the Contract Specialist vacancies, we are unable to determine if the appellant was entitled to any veterans' preference rights and, if so, whether the agency violated any such rights.   In addition to the dearth of information regarding how it selected individuals under the EHA, it is unclear from the record whether the selectees were appointed under an authority that allows the agency to appoint individuals without regard to veterans' preference laws.[11]   If the appellant was entitled to veterans' preference rights, then it is unclear whether the agency properly afforded him those rights because the record is void of evidence pertaining to the agency's apparent determination that the appellant was not qualified for the Contract Specialist positions.   On remand, the parties should be afforded an opportunity to submit evidence and argument regarding the agency's selection process and the appointment authority used by the agency to fill the position at issue.

---

[11] The agency contends that it filled the Contract Specialist positions using the EHA, as codified at 10 U.S.C. § 1705(g), and that selections made using the EHA "may be made without regard to the provisions of 5 USC 3309-3318."   PFR File, Tab 4 at 7-8. Although some appointments under title 10 may be made without regard to the civil service laws, including those relating to veterans' preference, *see, e.g.*, *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 9 (2015), nothing in section 1705 states that appointments may be made without regard to veterans' preference laws, *see* 10 U.S.C. § 1705.   Moreover, the agency's internal EHA guidance indicates that veterans' preference procedures apply, at least when using a referral certificate.   IAF, Tab 6 at 19.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.