## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROMMIE REQUENA,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-16-0488-W-3 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　　　Agency. | DATE: December 6, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Benjamin E. Wick, Esquire and Holly V. Franson, Esquire, Denver, Colorado, for the appellant.

Grant Gardner, Laredo, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1　　　The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which denied corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the petition for review, DENY the cross petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant is a former Chief Customs and Border Protection Officer with the agency's Customs and Border Protection at the Port of Laredo, Texas.  She filed this IRA appeal alleging that, in reprisal for her protected disclosure and activity, the agency changed her job duties, created a hostile working environment, proposed her removal, reduced her in rank to a Supervisory Customs and Border Protection Officer, and suspended her for 30 days.  *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-1, Initial Appeal File (IAF), Tab 1 at 6, 60-61, Tab 5 at 4-16; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-3, Appeal File (W-3 AF), Tab 11 at 9, Tab 46 at 20.  The appellant identified her protected disclosure as a May 8, 2012 email and meeting with her supervisors in which she alleged that their proposed changes to asset seizure records constituted falsification and could result in the loss of criminal prosecutions.  IAF, Tab 5 at 6; W-3 AF, Tab 11 at 4-5, Tab 46 at 20 n.22.  She asserted that her protected activity consisted of complaints she filed with the Office of Special Counsel (OSC) in February 2014.  IAF, Tab 5 at 6, 9; W-3 AF, Tab 11 at 7, Tab 46 at 20 n.22.  The agency based the reduction in rank and 30-day suspension on charges of Misuse of the Treasury Enforcement Communications System (13 specifications) and Misuse of Position (1 specification).  IAF, Tab 8 at 15-24.

¶3    During the proceedings before the administrative judge the appellant filed an October 10, 2016 motion to compel the discovery of evidence.  IAF, Tab 17.  The motion set forth the "reasons" in support of each discovery request and included a copy of a September 9, 2016 discovery request, as well as the agency's September 29, 2016 answer to that request and the appellant's October 5, 2016

letter to the agency seeking to resolve the dispute. *Id.* at 8-73, 83-93. The administrative judge denied the motion to compel, finding it premature because the parties were working cooperatively to reduce or eliminate discovery conflicts. IAF, Tab 20 at 2. He indicated that he would "reopen a very brief window of time to reassert [the] motions to compel, if necessary, when the appeals are refiled." *Id.* at 3. In a subsequently issued initial decision dismissing the appeal without prejudice, the administrative judge noted that, "upon refiling, all previously filed submissions will be made part of the refiled appeal," and that "[u]pon refiling, any document submitted in this appeal should not be resubmitted." IAF, Tab 22 at 3 & n.2.

¶4 On February 28, 2017, after the appeal had been dismissed without prejudice and refiled, the appellant again filed a motion to compel seeking complete responses to specific interrogatory numbers and document request numbers from the discovery request she had previously filed in the initial appeal. *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-2, Appeal File (W-2 AF), Tab 5 at 4-5. The appellant asserted that the agency still had not provided complete discovery responses despite agreeing to do so, incorporated by reference the arguments she had raised in her October 10, 2016 motion to compel, and attached email and other correspondence with the agency regarding discovery. *Id.* at 4, 5 n.4, 13-31, 39-60. The administrative judge denied that motion to compel as not in compliance with 5 C.F.R. § 1201.73, finding that "[b]ased on the record before me, I find the appellant failed to include a copy of the original discovery request and also failed to provide a statement showing that the information she seeks is discoverable." W-2 AF, Tab 12 at 2. The appellant filed a timely objection to the ruling. *Id.*, Tab 13.

¶5 On September 25, 2017, however, the administrative judge granted the appellant's motion for sanctions against the agency because it had failed to comply with a September 11, 2017 Board Order to produce certain documents that were not subject to a recognized privilege. W-3 AF, Tab 30 at 4. The

sanction limited the agency to presenting three witnesses at the hearing because of its "repeated inability to comply with Board orders." *Id.* In the aforementioned September 11, 2017 Order, the administrative judge had noted that, although he had afforded the agency an opportunity to establish that a recognized privilege applied to each document at issue and to cure any incorrectly asserted privilege, the agency had made only conclusory claims and thus failed to meet its burden. W-3 AF, Tab 23 at 1-2. He therefore ordered the agency to provide all documents to the appellant by September 13, 2017. *Id.* at 2. The agency responded to that order by requesting that the administrative judge certify the issue for interlocutory appeal. W-3 AF, Tab 24 at 4-8. The agency asserted that it had produced privilege logs as required by the administrative judge, yet he refused to conduct an in camera inspection of the records despite the agency's offer to do so. *Id.* at 6-7. The administrative judge denied the request to certify an interlocutory appeal, finding that the privilege logs were poorly formatted, disjointed, unusable, and failed to allege facts that could establish that a privilege existed for any document. W-3 AF, Tab 42 at 1-2. He therefore held that an in camera inspection was unnecessary and ruled that there were no important questions of law or policy requiring an interlocutory appeal such that an immediate ruling would materially advance the completion of the proceeding or avoid undue harm to a party or members of the public. *Id.* at 2-4.

¶6     The administrative judge found that the Board had jurisdiction over this IRA appeal.[2] W-2 AF, Tab 12 at 1-2; W-3 AF, Tab 46, Initial Decision (ID) at 1, 20-21. After a hearing, however, he denied corrective action. ID at 2, 57. The

---

[2] The administrative judge issued a separate initial decision dismissing for lack of jurisdiction the appellant's adverse action appeal challenging her suspension and demotion, which had been joined with this appeal, upon finding that the appellant elected to seek corrective action from OSC before filing the adverse action appeal with the Board. W-3 AF, Tab 30 at 2 n.3; *Requena v. Department of Homeland Security*, DA-0752-16-0012-I-3, Initial Decision at 2, 7-14 (Oct. 3, 2017). The appellant's petition for review of that initial decision has been separately addressed by the Board.

administrative judge found that the May 8, 2012 disclosure was not protected because the appellant did not show that she reasonably believed that her disclosure evidenced wrongdoing covered by 5 U.S.C. § 2302(b)(8).  ID at 21-24.  In this regard, the administrative judge found that a reasonable person would not infer any illegal purpose or violation of agency policy based upon the agency's attempt to correct an improper accounting of seizure activity that occurred at the Port of Laredo.  ID at 24, 27-29.  He found that the agency did not attempt to make the change in secret, as the appellant had alleged, the agency was engaging in an interactive process to fix a reporting problem, and the agency instructed the appellant to add a management note to the changed seizure forms that explained why the change was being made and included the original information on the forms.  ID at 24-27.  The administrative judge held that the disclosure did not evidence an abuse of authority or gross mismanagement, and instead reflected a policy disagreement on how to make changes to seizure records to properly account for seizure totals at the Port of Laredo.  ID at 29-34.

¶7        The administrative judge further found that the appellant engaged in protected activity by filing three OSC complaints that were a contributing factor in the proposed removal, the reduction in rank, and the 30-day suspension.  ID at 35-37.  Nevertheless, he found that the agency proved by clear and convincing evidence that it would have taken those actions in the absence of her protected activity.  ID at 37.  The administrative judge held that there was strong evidence to support the actions, there was weak evidence that the agency was motivated to retaliate against the appellant for her protected activity, and there was little evidence that the agency failed to discipline non-whistleblowers who engaged in the same type of misconduct.  ID at 37-57.

**ANALYSIS**

The appellant's petition for review is granted.

¶8    The appellant asserts that the administrative judge abused his discretion in denying her motion to compel.[3]  Petition for Review (PFR) File, Tab 5 at 38.  The appellant contends that she understood, when filing her February 28, 2017 motion to compel, that "the discovery requests and statement on discoverability had been included in her prior pleadings," and she incorporated them by reference into her later-filed motion in order to promote efficiency.  *Id.* at 39.  She claims that the erroneous denial of her motion to compel prejudiced her because the information she sought was relevant to her appeal.  *Id.* at 40.

¶9    Administrative judges have broad discretion in discovery matters, and absent a showing of an abuse of discretion, the Board will not substitute its judgment for that of the administrative judge.  *McLaughlin v. U.S. Postal Service*, 55 M.S.P.R. 192, 201 (1992).  Further, an administrative judge may generally waive a Board regulation for good cause shown.  5 C.F.R. § 1201.12.  Under 5 C.F.R. § 1201.73(c)(1)(i), a motion to compel shall include a copy of the original request and a statement showing that the information sought is discoverable.  Nevertheless, the appellant had already submitted these documents

---

[3] The appellant also asserts that the administrative judge improperly relied upon evidence submitted by the agency after the hearing and thereby did not afford her an opportunity to question witnesses regarding that evidence.  PFR File, Tab 5 at 24-26.  At the end of the hearing, the administrative judge kept the record open and permitted the agency to submit this evidence.  Hearing Transcript, Volume 2 at 482-87.  The appellant raised no objection to that procedure and had an opportunity to respond to the evidence after the agency submitted it to her.  *Id.*; *see* W-3 AF, Tab 39 at 12 n.4, Tab 40.  Under these circumstances, she has shown no error in the administrative judge's reliance on this evidence.  *See Langford v. Department of the Treasury*, 73 M.S.P.R. 129, 138 (1997) (finding that an appellant cannot wait until after an adjudication is complete to object for the first time to an administrative judge's hearing-related rulings); *cf. Schucker v. Federal Deposit Insurance Corporation*, 401 F.3d 1347, 1357-58 (Fed. Cir. 2005) (vacating and remanding a Board decision when the administrative judge, in an appeal based on the written record, refused to consider rebuttal evidence without providing an explanation for that refusal, such as a party's failure to object to a deadline set by the administrative judge).

into the record and referenced them in her renewed motion to compel, and the administrative judge had specifically notified the parties that any document previously submitted in the appeal should not be resubmitted upon refiling.  IAF, Tab 22 at 3 & n.2.

¶10        At least some of the discovery requests appear, on their face, to be reasonably calculated to lead to the discovery of admissible evidence.  5 C.F.R. § 1201.72(a); *see Mc Grath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 7 (1999) (holding that what constitutes relevant information in discovery is to be liberally interpreted, and resolving any uncertainty in favor of the movant absent undue delay or hardship).  For example, the appellant requested that the agency identify any and all actions taken as a result of her disclosure and protected activity, as well as the date on which any employee learned of her disclosure and protected activity, the name of such employee, and how the employee learned of those matters.  W-2 AF, Tab 5 at 5; IAF, Tab 17 at 44.  She also requested a description of each and every occasion on which agency employees communicated with each other regarding the appellant's disclosure and protected activity.  IAF, Tab 17 at 44.  She requested the production of documents relating or referring to her disclosure and OSC complaints, as well as her reduction in rank.  *Id.* at 47-48.  The information requested appears reasonably calculated to lead to the discovery of admissible evidence regarding, among other things, whether the disclosure or protected activity was a contributing factor in a personnel action and any motive to retaliate.  *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 5, 14 n.8 (2016).

¶11        Under these circumstances, we find that the administrative judge abused his discretion in denying the appellant's motion to compel based on a determination that the motion did not include a copy of the original discovery request and a statement showing that the information sought was discoverable.  *See Baird v. Department of the Army*, 517 F.3d 1345, 1348, 1351 (Fed. Cir. 2008) (finding that the administrative judge abused his discretion in refusing to compel discovery

that should have been produced earlier, even though the discovery request was made during the hearing); *cf. McLaughlin*, 55 M.S.P.R. at 201 (finding no error in the administrative judge's waiver of the requirements of 5 C.F.R. § 1201.73(c) based upon the agency's compelling interest in deposing the appellant).

¶12     Because the administrative judge is in the best position to rule on discovery matters, we vacate the initial decision and remand the appeal. *See Seattle Times Co., et al. v. Rhinehart et al.*, 467 U.S. 20, 36 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery."); 5 C.F.R. § 1201.41(b)(4) (authorizing administrative judges to rule on discovery motions); *cf. In re Uriarte*, 93 M.S.P.R. 183, ¶ 10 (2002) (finding that the administrative judge was in the best position to resolve the question of whether the appellant had satisfied the test for obtaining a protective order, as well as the resolution of related discovery requests). The administrative judge shall therefore rule on the merits of the appellant's motion to compel. If the administrative judge's ruling on that motion leads to the production of additional relevant evidence in support of the appellant's claims, the appellant shall be entitled to a further hearing. *See Baird*, 517 F.3d at 1351-52; *Mc Grath*, 83 M.S.P.R. 48, ¶ 20. The administrative judge shall then issue a new initial decision taking into consideration any evidence and arguments advanced after ruling on the motion to compel, insofar as they raise matters not already fully decided.[4] *See Mc Grath*, 83 M.S.P.R. 48, ¶ 20; *Johnson v. Department of the Treasury*, 8 M.S.P.R. 170, 175-76 (1981).

---

[4] The appellant asserts that the administrative judge made erroneous factual and legal findings that were material to the initial decision. PFR File, Tab 5 at 26-33. On remand, the administrative judge shall take into consideration these allegations, as well as the agency's response to the allegations, in making his findings. *See Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶ 17 (1999) (directing the administrative judge to address on remand arguments raised by the appellant on review); *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (requiring an initial decision to identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests).

¶13    Finally, the appellant asserts that the administrative judge should have granted her renewed motion for sanctions, which would have precluded the agency from asserting its affirmative defense to her whistleblower claim.  PFR File, Tab 5 at 41-43.  The appellant contends that the imposed sanction of limiting the agency to three witnesses "did not remedy the harm that Appellant suffered as a result of the Agency's failure to comply with its discovery obligations in this appeal," and that the documents sought "may contain direct evidence of whistleblower retaliation."  *Id.* at 41-42.

¶14    In response to the appellant's renewed motion for sanctions, which she filed after the administrative judge had imposed the sanction of limiting the number of agency witnesses, W-3 AF, Tab 26 at 9-11, the administrative judge found that the appellant had failed to justify additional sanctions and denied the motion, ID at 2 n.2.  An administrative judge may impose sanctions upon a party for failure to comply with an order, provided that the sanction is necessary to serve the ends of justice.  5 C.F.R. § 1201.43(a).  Sanctions should be imposed only when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in its efforts to comply.  *Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 25 (2007), *overruled on other grounds by Edwards v. Department of Labor*, 2022 MSPB 9.  In determining whether sanctions are appropriate, good faith efforts short of full compliance must be considered.  *Id.*  The imposition of sanctions is a matter within the administrative judge's sound discretion, and absent a showing that such discretion has been abused, his determination will not be found to constitute reversible error.  *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012).

¶15    The appellant does not identify on review the nature of the information she sought below, nor does she explain how the sanction she seeks is necessary to serve the ends of justice.  Moreover, the documents in question appear related to a discovery dispute involving claims of privilege raised by the agency, which

offered to submit the disputed documents to the administrative judge for an in camera review or produce them subject to a protective order. W-3 AF, Tab 24 at 6, Tab 34 at 4- 9. The administrative judge, however, did not conduct an in camera review or enter a protective order. Based on all of the above circumstances, the appellant has not shown a failure by the agency to exercise basic due diligence or bad faith warranting the sanction she suggests, nor has she otherwise shown an abuse of discretion by the administrative judge in denying her motion. The cases relied upon by the appellant are distinguishable from this appeal. *See Armstrong*, 107 M.S.P.R. 375, ¶¶ 25, 27-28, 32 (finding no abuse of discretion by the administrative judge in barring the agency from asserting its IRA affirmative defense when it failed to produce documents despite the administrative judge having entered a protective order and denied its request for an extension of time to assert a privilege claim); *Montgomery v. Department of the Army*, 80 M.S.P.R. 435, ¶¶ 3-5, 9-10, 16-17 (1998) (finding no abuse of discretion in imposing sanctions when the agency failed to produce documents for an in camera inspection and respond to repeated telephone messages from the administrative judge).

The agency's conditional cross petition for review is denied.

¶16        The agency asserts that, if the Board grants the appellant's petition for review, the Board should also find that the administrative judge's imposition of sanctions by limiting the number of witnesses it could call at the hearing was unsupported and severely prejudicial. PFR File, Tab 9 at 13, 15-16. The agency contends that, although it produced a privilege log as required by the administrative judge, presented arguments on the privileges it asserted, and offered the records for an in camera review or subject to a protective order, the administrative judge did not review the records in camera, make substantive rulings, or permit it to correct any deficiencies in its submission, but instead sanctioned it for asserting legally cognizable privileges. *Id.* at 15.

¶17    As set forth above, the imposition of sanctions is a matter within the administrative judge's sound discretion. *Smets*, [117 M.S.P.R. 164](#), ¶ 11. Although the agency states why it believes the administrative judge's actions were erroneous and makes a general statement that it was prejudiced by those actions, it does not articulate what the excluded witnesses would have testified to or explain how their testimony would affect the result reached in this case. Thus, the agency has not established that any alleged abuse of discretion or error by the administrative judge was prejudicial. *See Butler v. Department of the Air Force*, [73 M.S.P.R. 313](#), 318 (1997); *Best v. Department of the Navy*, [59 M.S.P.R. 670](#), 673 (1993); *Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984); *see also Jones v. Department of Health & Human Services*, [119 M.S.P.R. 355](#), ¶ 18 (holding that the Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the party's substantive rights), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013).

¶18    Accordingly, we deny the agency's cross petition for review.

**ORDER**

¶19    For the reasons discussed above, we VACATE the initial decision and REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.