# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JENNIFER D. EOFF,
      Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DOCKET NUMBER
DE-0752-17-0015-I-1

DATE: January 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer D. Eoff, Lakewood, Colorado, pro se.

Amy Duin, Esquire, Lakewood, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's hostile work environment claim to the Denver Field Office for adjudication as an individual right of action (IRA) appeal.

## BACKGROUND

¶2    The agency removed the appellant from her Research Geologist position for failing to follow an instruction to limit her interaction with her former supervisor. Initial Appeal File (IAF), Tab 1 at 9, 15-21; Tab 8 at 22. Specifically, the agency charged the appellant with violating the Associate Director's instruction to limit her interaction with the former supervisor to issues required for her work on the Reserve Growth Task in the National and Global Assessment (NAGA) project and reassigning the appellant to another supervisor. IAF, Tab 11 at 9, 29. The agency specified that the appellant intentionally violated the instruction on April 28, 2016, when she sent an email to her former supervisor about a letter of reprimand that she issued to the appellant in September 2014, concerning matters unrelated to the NAGA project. IAF, Tab 1 at 9-10.

¶3    The agency advised the appellant in the proposal notice that, in recommending her removal, it considered as an aggravating factor the fact that

she had been counseled for inappropriately contacting her former supervisor on at least six other occasions. *Id.* at 10. The agency also advised the appellant that it considered the following prior disciplinary actions as aggravating factors: (1) her September 2014 letter of reprimand for unprofessional behavior; and (2) her 7-day suspension in 2015 for unprofessional behavior and failure to follow instructions. *Id.* The agency further advised the appellant that it considered the following mitigating factors: (1) her 5 years of Federal service; (2) her superior performance rating; (3) her medical issues; and (4) any harassment, provocation, personality conflicts, or other circumstances that could have contributed to her offense. *Id.* at 10-12. The deciding official concluded that the removal penalty was reasonable because the mitigating factors were outweighed by the appellant's serious misconduct and she had no rehabilitative potential. *Id.* at 18-20.

¶4 The appellant filed a timely Board appeal of her removal and raised an affirmative defense of whistleblower retaliation.[2] IAF, Tab 1 at 3, 5. She alleged that the agency removed her in retaliation for disclosing to management her former supervisor's "misconduct, mismanagement, and abuses of authority." *Id.* at 5. She also referred to "continuing hostile conditions" and a complaint that she filed with the Office of Special Counsel (OSC). *Id.* The appellant included with her appeal a copy of a whistleblowing complaint that she filed with OSC before her removal and OSC's letter informing her that OSC had terminated its investigation of her complaint. *Id.* at 23-62, 132-33.

¶5 The administrative judge issued an order setting forth the proof requirements to establish Board jurisdiction over an IRA appeal. IAF, Tab 3. After holding a teleconference with the parties, however, the administrative judge issued an order stating that he found it appropriate to treat the appellant's

---

[2] The appellant indicated on her appeal form that she was also appealing the denial of a within-grade increase. IAF, Tab 1 at 3. The administrative judge found that the appellant withdrew this claim, and the appellant does not dispute this finding on review. IAF, Tab 5 at 1.

case as a chapter 75 removal appeal, instead of an IRA appeal, because she did not make an informed election to challenge her removal at OSC.[3] IAF, Tab 5 at 1-2. The administrative judge summarized the appellant's claims on appeal as alleging that the agency's removal action was retaliation for the following protected disclosures and activity: (1) her April 15, 2015 email to her former supervisor and other agency officials, purportedly disclosing her former supervisor's misconduct, gross mismanagement, and abuse of authority[4]; (2) her October 2014 grievance about a letter of reprimand; and (3) her June 2015 grievance about a suspension. *Id.* at 3. He also informed the appellant of the burden of proof for establishing an affirmative defense of retaliation in a chapter 75 action. *Id.* at 2-4.

¶6 Additionally, the administrative judge agreed to consider whether the alleged retaliatory actions mentioned in OSC's closure letter showed a pattern of retaliation that culminated in the appellant's removal. IAF, Tab 5 at 2 n.3. The administrative judge identified those matters as (a) a letter of reprimand, (b) the denial of an award, (c) a suspension, and (d) a reassignment. *Id.* He considered those matters relevant because, with the possible exception of the award denial, the agency mentioned them in the proposal to remove the appellant. *Id.* The administrative judge explained that he could not order corrective action for those matters in the context of this chapter 75 appeal. *Id.* He also advised the parties to ensure that any additions, corrections, or objections to his order and summary be received by October 12, 2016, or they would be deemed waived. IAF, Tab 5 at 1 n.2. Neither party objected or proposed any additions or corrections to the order and summary before the filing deadline.

---

[3] The administrative judge made this finding—although OSC's closure letter mentioned the appellant's removal—because the appellant stated that she did not inform OSC of the agency's removal decision or ask OSC to add it to her claim. IAF, Tab 5 at 2, Tab 7 at 3, 9.

[4] IAF, Tab 1 at 5, Tab 7 at 6.

¶7    Both parties submitted voluminous documentation on appeal. IAF, Tabs 7-15, 17-30. After holding a prehearing conference, the administrative judge issued an order and summary modifying the list of issues that he would consider. IAF, Tab 31. He summarized the appellant's affirmative defense as alleging that she was removed in reprisal for her April 15, 2015 email and her October 2014 grievance about a letter of reprimand. *Id.* at 1. He indicated that the appellant had withdrawn her prior allegation that her removal was in reprisal for her June 2015 grievance of a suspension. *Id.* at 1-2. The administrative judge also reaffirmed that he would consider the appellant's additional evidence and argument that her alleged retaliatory removal was the final event in a chain of retaliation consisting of her being suspended, reassigned, and denied an award.[5] *Id.* at 2. The administrative judge advised the parties that any additions, corrections, or objections to his prehearing conference order and summary must be received by November 26, 2016, or be deemed waived. *Id.* at 1 n.1. Neither party objected or made corrections to the prehearing conference order and summary.

¶8    After holding a hearing, the administrative judge sustained the charge based on the stipulated facts and affirmed the agency's removal action. IAF, Tab 47, Initial Decision (ID) at 1, 5, 16. In reaching his decision, the administrative judge found that the Associate Director's April 27, 2015 instruction to the appellant was proper and she did not dispute receiving the instruction or her failure to follow it. ID at 5. The administrative judge also found that the appellant failed to prove her affirmative defenses of whistleblower reprisal and retaliation for filing a grievance. ID at 6-13. He found no evidence of retaliation in the actions that preceded the appellant's removal, including her reprimand,

---

[5] The administrative judge indicated that the appellant had withdrawn her claim that the chain of retaliation began with a September 2014 letter of reprimand because it preceded her protected activity. IAF, Tab 31 at 2.

reassignment, and instruction to limit her contact with her former supervisor.[6]  ID at 10.  He also found that the agency proved a nexus between the charge and the efficiency of the service, and the penalty of removal was reasonable.  ID at 6, 16.

¶9      The appellant has filed a petition for review arguing that the administrative judge erred in denying her affirmative defense of whistleblower reprisal and sustaining the removal penalty.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to her petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW[7]

¶10     The appellant does not dispute the administrative judge's finding that the agency proved the charge as specified.  ID at 5.  We discern no basis for disturbing that finding, which is supported by the stipulated facts.  IAF, Tab 22 at 8-10, Tab 30 at 13-16; *see* 5 C.F.R. § 1201.63 (indicating that a stipulation will satisfy a party's burden of proving the fact alleged); 5 C.F.R. § 1201.115 (indicating that the Board generally will consider only issues raised in a timely filed petition or cross petition for review).

¶11     On review, the appellant argues that the administrative judge erred in finding that she failed to prove her affirmative defense of reprisal.  PFR File, Tab 1.  She disputes his finding that she made no protected disclosures in her April 14-15, 2015 emails.  *Id.* at 25-26, 31, 94-97.  The appellant submits additional evidence on review and asks the Board to reconvene the hearing because the agency did not subpoena one of her approved witnesses to testify at the hearing.  *Id.* at 15-18.  She argues that the administrative judge failed to address all of her alleged disclosures and retaliatory actions included in the approximately 1,500 pages of evidence that she submitted on appeal.  *Id.* at 18,

---

[6] The administrative judge further noted that the appellant submitted no evidence or argument about her claim that the retaliatory nature of her removal was evidenced by the agency's denying her an award.  ID at 7 n.3.

[7] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

24-27. She contends that the administrative judge failed to address this evidence documenting the agency's "long-term harassment" and her "two-year history of conflict with her former management team." *Id.* at 18. She also challenges the administrative judge's penalty analysis, arguing that he failed to consider her health condition as a mitigating factor. *Id.* at 19-20. For the reasons discussed below, we affirm the administrative judge's finding that the appellant failed to prove her affirmative defense of retaliation and the removal penalty was reasonable.

The appellant failed to prove her affirmative defense of reprisal for whistleblowing pursuant to 5 U.S.C. § 2302(b)(8).

¶12     On review, the appellant disputes the administrative judge's finding that the disclosures she made in her April 14-15, 2015 emails[8] to her former supervisor and others agency officials, about her former supervisor's request for a meeting to discuss the appellant's alleged performance and conduct issues, were not protected under 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 31, 68-97; ID at 11, 13. The administrative judge found that the appellant failed to prove by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) because she failed to explain in detail what wrongdoing she purportedly disclosed. ID at 11. The administrative judge also reviewed the content of the appellant's April 2015 emails and explained his reasons for finding that nothing therein demonstrated that she disclosed information protected by 5 U.S.C. § 2302(b)(8). ID at 11-13. For the reasons discussed below, we agree with the administrative judge's well-reasoned finding that the appellant failed to meet her burden of proof on her reprisal claim.

¶13     To prove an affirmative defense of whistleblower reprisal in a chapter 75 appeal, an appellant must prove by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8), and that her protected

---

[8] In the initial decision, the administrative judge refers to the appellant's April 13-15, 2015 emails, collectively, as the April 15, 2015 email. ID at 11; IAF, Tab 11 at 34-73.

disclosure was a contributing factor in the personnel action at issue. *See Shannon v. Department of Veterans Affairs*, [121 M.S.P.R. 221](), ¶ 21 (2014). A protected disclosure is a disclosure of information that the appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. [5 U.S.C. § 2302](b)(8); *Shannon*, [121 M.S.P.R. 221](), ¶ 22. The test for whether the appellant had a reasonable belief that her disclosure evidenced wrongdoing as set forth in [5 U.S.C. § 2302](b)(8)(A) is an objective one. *Shannon*, [121 M.S.P.R. 221](), ¶ 22. A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions evidenced one of the categories of wrongdoing listed in [5 U.S.C. § 2302](b)(8)(A). *Id.*

¶14    On review, the appellant provides a chart describing her alleged disclosures in her April 14-15, 2015 emails. PFR File, Tab 1 at 94-97. She explains that she disclosed the following information: (1) her confusion about her former supervisor's request for a meeting to discuss her performance and conduct, which she describes as unfair and an unexpected assault; (2) her decision to contest the performance and conduct issues identified by her former supervisor; and (3) her reasons for disregarding her former supervisor's instruction to limit the recipients of their email exchange about her performance issues. *Id.* The appellant contends that this information constituted protected disclosures of harassment and a hostile work environment because her former supervisor's request for a meeting to discuss the appellant's performance issues violated an ethical duty to treat employees with respect and provide a supportive work environment. *Id.* at 94, 97. She argues that she made protected disclosures of mismanagement, supervisory misconduct, and abuses of authority, when she contested her former supervisor's purportedly false description of her performance and conduct issues. *Id.* at 25-26, 94-96. She also asserts that she made a protected disclosure that her

former supervisor was confused about her dual "supervisory and project management responsibilities," in emails explaining why she disregarded the instruction to limit the recipients of her performance related emails. *Id.* at 96.

¶15    To meet her burden of proof, the appellant's disclosures of wrongdoing must be specific and detailed. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014). Having considered the appellant's argument and reviewed the contents of her emails, we discern no reason to disturb the administrative judge's well-reasoned finding that the appellant's vague allegations of wrongdoing in her April 2015 emails do not meet this standard. ID at 11-13; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The appellant's emails contesting the description of her performance and conduct issues and expressing disagreement with her former supervisor's management decisions did not convey specific and detailed information that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude evidenced a protected disclosure of any wrongdoing listed in 5 U.S.C. § 2302(b)(8)(A). *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013) (finding that the appellant's nonspecific and poorly explained disclosure, expressing mere disagreement over job-related issues, was insufficient to constitute a protected disclosure of any wrongdoing in 5 U.S.C. § 2302(b)(8)(A)); *see also Czarkowski v. Department of the Navy*, 87 M.S.P.R. 107, ¶ 12 (2000) (finding that a disclosure questioning management decisions that are merely debatable or just simple negligence or wrongdoing, with no element of blatancy, is not protected as a disclosure of gross mismanagement).

<u>The appellant failed to prove her affirmative defense of reprisal for exercising her grievance right under 5 U.S.C. § 2302(b)(9)(A)(ii).</u>

¶16       On review, the appellant argues that her removal was "definitely" retaliation for her October 2014 grievance about her September 2014 letter of reprimand but identifies nothing in the record to suggest that the agency had a strong motive to retaliate for this protected activity.[9] PFR File, Tab 1 at 28. She further argues that the administrative judge placed too much emphasis on her 2014 grievance, to the detriment of her other alleged activities and disclosures, in finding that she failed to prove retaliation. *Id.* For the reasons discussed below, we agree with the administrative judge's finding that the appellant failed to meet her burden of proving reprisal for this protected activity.

¶17       Because the appellant did not seek to remedy whistleblowing reprisal in her October 2014 grievance, the administrative judge properly found that her claim of retaliation for exercising her grievance rights is covered under 5 U.S.C. § 2302(b)(9)(A)(ii). ID at 8; IAF, Tab 32 at 59-62; IAF, Tab 14 at 78-140; *see Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016). To establish an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), the appellant is required to show that: (1) she engaged in protected activity; (2) the accused officials knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 32; *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986)[10]; IAF,

---

[9] The appellant also contends, for the first time on review, that the official who decided her October 2014 grievance violated departmental directives requiring him to consider all relevant factors to ensure "equitable and effective resolution of [the] conflict." PFR File, Tab 1 at 25. We have not considered this argument because the appellant has not shown that it is based on new and material evidence not previously available despite her due diligence. *See* 5 C.F.R. § 1201.115(d).

[10] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to

Tab 5 at 4.  The administrative judge found that the appellant failed to meet her burden of proving this reprisal claim because she failed to prove a nexus between her protected grievance activity and her removal, and we agree.  ID at 8-10.

¶18    As explained in the initial decision, the administrative judge found that the appellant's removal could have been retaliatory because the accused officials knew about the protected grievance activity.[11]  ID at 9 & n.4.  Upon weighing the evidence, however, the administrative judge concluded that the agency's nominal motive to retaliate for the appellant's grievance activity in October 2014 did not outweigh the agency's legitimate reason to remove her in August 2016 for her demonstrated unwillingness to follow instructions.  ID at 10.  In reaching his decision, the administrative judge found highly credible the proposing and deciding officials' testimony explicitly denying retaliation and providing compelling nonretaliatory reasons for removing the appellant.  *Id.*  The administrative judge found that the officials involved in the removal action had little motive to retaliate against the appellant for her having grieved a letter of reprimand that did not involve them and occurred 1½ years before her removal.  *Id.*  The administrative judge also found no evidence of retaliation in the actions that preceded the removal action, including the appellant's reprimand, reassignment, and instruction limiting her interaction her former supervisor.  *Id.*  We have considered the appellant's arguments on review challenging the administrative judge's weighing of evidence, and we conclude that the

the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions on whistleblower reprisal claims with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  Therefore, we must consider these issues with the view that the appellant may seek review of such claims before any appropriate court of appeal.

[11] The administrative judge found that the following accused officials knew about the appellant's October 2014 grievance:  (1) the proposing and deciding officials in her removal action; (2) her former supervisor; and (3) the Associate Director who took three actions against the appellant on April 27, 2015, when he (i) proposed her suspension, (ii) reassigned her to a new supervisor, and (iii) issued the instruction to limit her interaction with her former supervisor.  ID at 9.

administrative judge's demeanor-based credibility findings deserve deference from the Board.  *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016).

The appellant's remaining arguments present no basis for disturbing the initial decision.

¶19    Next, the appellant argues that the administrative judge failed to consider all of her disclosures and protected activity that contributed to her removal.  PFR File, Tab 1 at 5, 18, 24.  For example, she contends that the administrative judge also should have considered the following evidence:  (1) her disclosures in 2014-2015 expressing her concerns about her former supervisor; (2) her 2015 grievance activity; (3) her requests for reconsideration of her 2014 performance ratings and 2015 suspension; and (4) her disclosures to OSC, the Board, the Office of Inspector General, and equal employment opportunity personnel.  *Id.* at 24-26.  For the reasons discussed below, we find that the appellant's argument provides no basis for disturbing the initial decision.

¶20    After holding a prehearing conference, the administrative judge issued an order summarizing the appellant's affirmative defense as alleging that she was removed in retaliation for her April 15, 2015 email disclosures and her October 2014 grievance about her September 2014 letter of reprimand.  IAF, Tab 31 at 1-2.  He indicated that the appellant had withdrawn her prior allegation that her removal was in reprisal for a June 2015 grievance that she filed about a suspension.  *Id.*  The administrative judge also agreed to consider the appellant's evidence and argument that her removal was the final event in a chain of retaliation, which included an award denial, a suspension, and a reassignment.  *Id.* at 2; IAF, Tab 5 at 2 n.3.  The administrative judge warned the appellant that any additions, corrections, or objections to his order and summary must be received by November 26, 2016, or be deemed waived.  IAF, Tab 31 at 1 n.1.  The appellant's failure to object and make timely additions or corrections to the

administrative judge's order on appeal precludes her from doing so on review.[12] *See Miller v. U.S. Postal Service*, [117 M.S.P.R. 557](#), ¶ 7 (2012).

¶21    The appellant also appears to argue that she was denied the opportunity to prepare her case on appeal. She argues that the agency's failure to provide the administrative judge with "mandatory" documents adversely affected the outcome of her appeal.[13]    PFR File, Tab 1 at 15. She alleges that the agency's delayed response to her discovery request effectively prevented her from submitting "all critical evidence" before the record closed on appeal, and she submits additional documents on review. *Id.* at 16, 30-99. She also asks the Board to reconvene the hearing so that the agency can subpoena a crucial witness approved to testify on her behalf. *Id.* at 17-18. She contends that she was unable to reach the witness, who was not an agency employee when the hearing occurred, and that the agency was obligated to subpoena her. *Id.* For the reasons discussed below, we find that the appellant was not denied the opportunity to prepare her case on appeal.

¶22    Although the appellant asserts that she was not instructed on how to deal with these matters, we note that the administrative judge issued orders informing her of the Board's discovery and subpoena procedures under [5 C.F.R. §§ 1201.71](#)-1201.85. *Id.* at 16; IAF, Tab 2 at 3-4, Tab 6 at 2-3. In the event one

---

[12] The appellant also argues on review that the deciding official in her October 2014 grievance about her September 2014 letter of reprimand, violated an agency directive requiring him to consider all relevant factors in disciplinary actions because he failed to investigate her concerns about her supervisor. She contends that the administrative judge should have considered this issue in her removal appeal. PFR File, Tab 1 at 25. We disagree because the appellant does not explain how the alleged procedural defect in the agency's grievance investigation proves that there is a nexus between her protected grievance activity and her removal. *See Warren*, 804 F.2d at 656-58.

[13] The appellant asserts that the agency should have made the "mandatory files" available to the administrative judge because they "became part of the official record" when she submitted them to the deciding officials in her removal action, the grievance of her suspension, and her request for reconsideration. PFR File, Tab 1 at 15. On review, the agency contends that it provided the appellant with all responsive discovery by November 23, 2016, before the record closed on December 6, 2016. PFR File, Tab 3 at 9-10.

party refuses to voluntarily make available pertinent documents or witnesses in a Board proceeding, the Board's rules provide, after the other party files a motion to compel, for issuing orders to compel that documents or other discovery be produced, and for issuing subpoenas. *Kinsey v. U.S. Postal Service*, 12 M.S.P.R. 503, 505-06 (1982); *see* 5 C.F.R. § 1201.73-75, .81-85. The appellant does not contend that she filed a motion to compel the documents that she sought from the agency, and she has not shown that the evidence and argument that she submits on review is new and material evidence, which was not available despite her due diligence before the record closed on appeal.[14] *See* 5 C.F.R. § 1201.115(d).

¶23    Moreover, contrary to the appellant's argument on review, the agency was not obligated to provide for her witness's appearance because the witness was not an agency employee when the hearing occurred. PFR File, Tab 1 at 17. The agency was obligated only to provide for the appearance of agency employees who were approved witnesses. IAF, Tab 6 at 2-3; *see* 5 C.F.R. § 1201.33(a). The administrative judge offered to assist the appellant in arranging for the appearance of any approved witnesses not employed by the agency by ordering the agency to make such witnesses available or by issuing a subpoena, but the appellant did not request his assistance. IAF, Tab 6 at 2-3. Because the appellant failed to take advantage of the procedures available to her prior to the close of the record, she cannot now claim injury. *Perry v. U.S. Postal Service*, 46 M.S.P.R. 425, 431 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (Table).

---

[14] On review, the appellant submits emails from 2013-2016, all of which predate the close of the record on appeal. PFR File, Tab 1 at 32-93. The appellant provides a chart with commentary about some of those emails and her alleged protected disclosures therein. *Id.* at 94-98. The appellant also asserts that she was unable to upload certain evidence before the filing deadline because the file was too large but contends that evidence was "already part of the official record," which the administrative judge should have considered. *Id.* at 15. But the appellant has not shown that the evidence and argument she submits on review is new and material evidence that was not available, despite her due diligence, before the record closed on appeal. *See* 5 C.F.R. § 1201.115(d).

¶24    The appellant also argues that the administrative judge should have granted her an extension of time to file her closing brief because she did not receive notice between December 4 and 13, 2016, to "indicate that the audio recordings from the Hearing (December 5-6, 2016) were available"; she further asserts that she learned of the availability of the recordings on December 19, 2016, six days after she filed her brief.  PFR File, Tab 1 at 16-17.  The appellant further contends that the Board's failure to make the record of the hearing available sooner, and her lack of funds to purchase the written transcript, barred her from access to important evidence before she filed her closing brief.  *Id.* at 17.  The appellant also argues that she had no opportunity, before the record closed on appeal, to rebut false information that the agency included in its closing brief. PFR File, Tab 1 at 6.

¶25    We are not persuaded by the appellant's arguments.  First, the Board's regulations provide notice to the parties that "[c]opies of recordings or existing transcripts will be provided upon request to parties free of charge."  5 C.F.R. § 1201.53.  The appellant does not assert that she requested from the regional office a copy of the hearing recording prior to submitting her closing brief.  Second, the record does not show that the appellant requested an extension of time to file her closing argument or for the record to remain open to rebut argument submitted by the agency just before the record closed, as permitted by 5 C.F.R. § 1201.59(c).[15]  The administrative judge considered the appellant's

---

[15] As noted above, the appellant asserts that she received no emails from the Board regarding the availability of the audio recordings in the e-Appeal Repository between December 4 and December 13, 2016, and she states that the format of the audio recordings is not "universally accessible across different computer operating systems." PFR File, Tab 1 at 16-17.  While the Board currently makes hearing audio files available to the parties through the e-Appeal Repository in many instances (following receipt of the audio files from the court reporter), 5 C.F.R. § 1201.53(c) requires that parties make a written request for such recordings, and in turn a copy of the recording is provided to the party free of charge.  Similarly, to the extent the appellant argues in her petition that she could not afford to purchase a printed copy of the hearing transcript, the Board's regulation provides parties with free copies of hearing recordings or

closing brief in reaching his decision.  ID at 7 n.3.  We therefore find that the administrative judge afforded the appellant an opportunity to rebut the agency's closing argument.[16]

¶26      Regardless, we have considered the appellant's lengthy rebuttal to the agency's closing argument, in which she rejects the agency's characterization of her attitude toward management, defends her character and value to the agency, reasserts her belief that her performance was underrated, and explains that her emails on April 14-15, 2015, were intended "to emphasize, among other things, the unfairness and hostility" that she experienced from her former supervisor and the project chief.  PFR File, Tab 1 at 6-14.  We find that the appellant's response to the agency's closing argument does not demonstrate error in the initial decision.

The administrative judge properly found that the agency proved a nexus between the misconduct and the efficiency of the service, and that the removal penalty was reasonable.

¶27      The administrative judge found that the agency established a nexus between its decision to discipline the appellant for the sustained charge of failure to follow instructions and the efficiency of the service.  ID at 6.  Neither party challenges this finding on review, and we discern no reason to disturb it.

---

*existing transcripts* upon written request.  5 C.F.R. § 1201.53(c) (emphasis added).  In this case, the audio recording is the official record of the hearing as no transcript exists. *See* IAF.

[16] Moreover, while the appellant alleges that the agency made false statements about her performance and conduct in its closing argument, she does not contend that the agency introduced any new evidence in its final submission. *Cf. Schucker v. Federal Deposit Insurance Corporation*, 401 F.3d 1347, 1355-58 (Fed. Cir. 2005) (finding that it is error to refuse to permit an appellant to rebut evidence submitted by an agency on the record closing date in cases decided without a hearing); *Miller v. U.S. Postal Service*, 110 M.S.P.R. 550, ¶¶ 8-9 (2009) (finding it appropriate to consider new evidence submitted on review by the appellant to rebut the agency's evidentiary submission, concerning an unforeseen dispositive issue, filed at the close of the record in a case decided without a hearing).

¶28    The administrative judge also found that the penalty of removal was reasonable. ID at 13-16. In reaching his decision, the administrative judge found that the deciding official properly considered the relevant factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). ID at 15-16. On review, the appellant argues that the administrative judge failed to consider her health condition as a mitigating factor. PFR File, Tab 1 at 20. However, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the record reflects that the deciding official considered the appellant's health condition in his *Douglas* penalty analysis, IAF, Tab 1 at 12, and the administrative judge found the deciding official's consideration of the *Douglas* factors "thorough." ID at 15; *see Higgins v. Department of Veterans Affairs*, 955 F.3d 1347, 1354-56 (Fed. Cir. 2020) (acknowledging that although the Board's analysis of the appellant's medical condition was "cursory," it was still properly considered against the other relevant *Douglas* factors when determining the reasonableness of the penalty). Thus, we discern no error in the administrative judge's decision finding that the removal penalty was reasonable for the appellant's proven and repeated failure to follow the agency's instruction. ID at 16; *see Lentine v. Department of the Treasury*, 94 M.S.P.R. 676, ¶¶ 2, 12, 15 (2003) (finding that removal was a reasonable penalty for an employee who intentionally and repeated emailed another employee despite explicit instructions to stop). Based on the foregoing, we affirm the initial decision sustaining her removal.

We forward the appellant's claim alleging a hostile work environment to the regional office for adjudication as an IRA appeal.

¶29    The appellant also argues on review that the administrative judge should have considered her claim that she was subjected to a hostile work environment in reprisal for whistleblowing. PFR File, Tab 1 at 16, 18, 31; *see* IAF, Tab 1 at 5.

In support of her argument, she refers to about 1,500 pages of evidence that she submitted on appeal, purportedly documenting her "long-term harassment" and the agency's "discriminatory treatment of employees." PFR File, Tab 1 at 5, 18, 24. She also argues that her misconduct "was provoked" by the "long-term hostile [work environment]." *Id.* at 31. Although the administrative judge did not adjudicate her hostile work environment claim in this chapter 75 removal appeal, we find no reversible error.

¶30    As explained above, the appellant's failure to object to omitting her hostile work environment claim from the administrative judge's orders summarizing the issues under consideration in this removal appeal precludes her from doing so now. IAF, Tabs 5, 31; *see Miller*, 117 M.S.P.R. 557, ¶ 7. Moreover, to the extent that the appellant seeks corrective action for the alleged retaliatory hostile work environment that preceded her removal, the Board cannot order corrective action for this matter in her chapter 75 appeal. IAF, Tab 5 at 1 n.3. Regardless, the pro se appellant may not have understood her right to file a separate IRA appeal with the Board based on her hostile work environment claim. Because the record reflects that she has exhausted her hostile work environment claim before OSC, we forward this claim to the Board's Denver Field Office for adjudication as an IRA appeal.[17] IAF, Tab 1 at 23, 31, 132; *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16 (recognizing that allegations of a hostile work

---

[17] The appellant also asserts, for the first time on review, that the agency engaged in "numerous instances of character defamation (slander and libel)," which should have been considered as part of the ongoing retaliation and harassment. PFR File, Tab 1 at 21-23. She contends that she found evidence of the alleged defamation in the discovery that she received from the agency, and she had no time to address it on appeal. *Id.* at 21-22. We decline to consider her additional argument on review because she has failed to demonstrate that it is based on new and material evidence that previously was unavailable despite her due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). To the extent that the appellant argues that the alleged defamation and libel is evidence of a hostile work environment, she may reassert this argument in her IRA appeal.

environment may constitute a personnel action under the whistleblower protection statutes).

## NOTICE OF APPEAL RIGHTS[18]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[18] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[19] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[19] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:         /s/ for

                      Jennifer Everling
                      Acting Clerk of the Board

Washington, D.C.